UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61848-COOKE/HUNT

JIM ANTONIO ALERS, on his own behalf, and on
behalf of those similarly situated,

      Plaintiff(s),

v.

ROBINHOOD FINANCIAL, LLC, CITADEL
SECURITIES, LLC, APEX CLEARING
CORPORATION, TWO SIGNA SECURITIES,
LLC, WOLVERINE SECURITIES, LLC,
and VIRTU FINANCIAL, INC.,

      Defendants.

_____/

**DEFENDANTS' JOINT MOTION TO TRANSFER OR DISMISS**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 3

ARGUMENT ............................................................................................................... 4

I.     THE COURT SHOULD TRANSFER THIS CASE TO THE NORTHERN
       DISTRICT OF CALIFORNIA .......................................................................... 4

       A.     This Court Should Exercise Its Discretion to Transfer the Action
              Pursuant to the First-Filed Rule. .................................................... 5

       B.     The Balance of Factors That Courts Consider in Determining Whether
              Transfer is Appropriate Weighs in Favor of Transfer. ................... 7

              1.     Judicial Economy and the Interests of Justice Favor Transfer. ........... 7

              2.     The Underlying Events Occurred in California and Witnesses
                     and Evidence are Located There. ....................................................... 8

              3.     Plaintiff's Choice of Forum and the Relative Means of the
                     Parties Are Neutral Factors in the Context of a Nationwide
                     Class Action. ...................................................................................... 9

II.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S
       SLUSA-BARRED COMPLAINT. .................................................................... 10

       A.     This Case Is a Covered Class Action. .......................................... 11

       B.     Plaintiff Asserts Claims Based on State Common Law. ............... 11

       C.     Plaintiff's Claims Are Based on Alleged Misrepresentations or
              Omissions in Connection with the Purchase or Sale of Covered
              Securities. ....................................................................................... 11

III.   PLAINTIFF ALSO FAILS TO STATE AN AIDING AND ABETTING
       CLAIM. ............................................................................................................ 13

CONCLUSION .......................................................................................................... 16

## TABLE OF AUTHORITIES

CASES

*Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*,
    55 F. Supp. 2d 1347 (M.D. Fla. 1999) ........................................................................... 8

*Arnesen v. Am. Home Shield of Fla., Inc.*,
    2012 WL 13024104 (S.D. Fla. July 9, 2012) ................................................................. 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................14

*Banco Indus. de Venezuela, C.A. v. CDW Direct, L.L.C.*,
    888 F. Supp. 2d 508 (S.D.N.Y. 2012) ........................................................................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................14

*BES Design Build, LLC v. Harrell Design Grp., P.C.*,
    2018 WL 6739069 (S.D. Ala. Oct. 26, 2018) ............................................................... 9

*Brackett v. Hilton Hotels Corp.*,
    619 F. Supp. 2d 810 (N.D. Cal. 2008) ......................................................................... 9

*Brandywine Commc'ns Techs., LLC v. AT&T Corp.*,
    2012 WL 1658810 (M.D. Fla. Apr. 25, 2012) .............................................................. 9

*Brandywine Commc'ns Techs., LLC v. AT&T Corp.*,
    2012 WL 1658533 (M.D. Fla. May 11, 2012) .............................................................. 9

*Bray v. Bank of Am.*,
    2014 WL 12622468 (M.D. Fla. July 29, 2014) ............................................................ 8

*Brown v. Conn. Life Ins. Co.*,
    934 F.2d 1193 (11th Cir. 1991) ................................................................................... 8

*Camoco, LLC v. Leyva*,
    2018 WL 6166302 (M.D. Fla. Sept. 21, 2018) ............................................................ 9

*Casey v. U.S. Bank Nat. Assn.*,
    127 Cal. App. 4th 1138 (2005) ..................................................................................14

*Cent. Money Mortg., Co. v. Holman*,
    122 F. Supp. 2d 1345 (M.D. Fla. 2000) ...................................................................... 7

*Chang v. JPMorgan Chase Bank*, N.A.,
    845 F.3d 1087 (11th Cir. 2017) .................................................................................15

*Chapman v. Progressive Am. Ins. Co.*,
2017 WL 3124186 (N.D. Fla. July 24, 2017) ........................................................5, 6

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*,
713 F.3d 71 (11th Cir. 2013) ................................................................................ 5

*Cont'l Grain Co. v. The FBL-585*,
364 U.S. 19 (1960) ................................................................................................ 8

*Dong Su v. Henry Glob. Consulting Grp.*,
2021 WL 2712366 (C.D. Cal. July 1, 2021) ........................................................13

*Dreyfuss v. W. Coast Life Ins. Co.*,
2021 WL 254313 (S.D. Ga. Jan. 25, 2021) ......................................................... 6

*Ellis v. Whirlpool Corp.*,
2007 WL 4706908 (N.D. Ala. Nov. 27, 2007) ..................................................... 9

*Fleming v. Charles Schwab Corp.*,
878 F.3d 1146 (9th Cir. 2017) ................................................................ 10, 11, 12

*Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*,
669 F. Supp. 2d 1353 (S.D. Fla. 2009) ................................................................ 4

*Hill v. Nagpal*,
2013 WL 246746 (S.D. Fla. Jan. 22, 2013) ........................................................14

*Holt v. Station Casinos, Inc.*,
2012 WL 13005972 (S.D. Fla. Apr. 2, 2012) ....................................................... 7

*In re Textainer P'ship Sec. Litig.*,
2005 WL 3801596 (N.D. Cal. Dec. 12, 2005) ....................................................14

*Instituto De Prevision Militar v. Merrill Lynch*,
546 F.3d 1340 (11th Cir. 2008) .................................................................... 10, 11

*Kelly v. Gerber Prod. Co.*,
2021 WL 2410158 (S.D. Fla. June 11, 2021) ....................................................... 6

*Kurz v. Fidelity Mgmt. & Rsch. Co.*,
556 F.3d 639 (7th Cir. 2009) ................................................................................10

*Laguna Invs., LLC v. Deutsche Bank Trust Co. Americas*,
2006 WL 3366133 (Cal. Ct. App. Nov. 21, 2006) ..............................................14

*Lamm v. State Street Bank & Trust*,
749 F.3d 938 (11th Cir. 2014) .............................................................................14

iii

*Lawrence v. Bank of Am., N.A.*,
   455 F. App'x 904 (11th Cir. 2012)................................................................. 13, 14

*Lianne Yao v. Ulta Beauty Inc.*,
   2018 WL 4208324 (S.D. Fla. Aug. 8, 2018)................................................... 5

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ...................................................................... 7

*Maxon v. Sentry Life Ins. Co.*,
   2018 WL 3850011 (M.D. Fla. Apr. 11, 2018)................................................10

*McFall v. Stacy & Witbeck, Inc.*,
   2016 WL 6248882 (N.D. Cal. Oct. 26, 2016) .................................................15

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
   547 U.S. 71 (2006) .........................................................................................13

*Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*,
   223 F. Supp. 3d 1236 (M.D. Fla. 2016) ......................................................... 8

*Peterson v. Aaron's, Inc.*,
   2015 WL 224750 (N.D. Ga. Jan. 15, 2015) ................................................... 6

*Ramsey v. Fox News Network, LLC*,
   323 F. Supp. 2d 1352 (N.D. Ga. 2004) .......................................................... 9

*Rayner v. E*TRADE Fin. Corp.*,
   899 F.3d 117 (2d Cir. 2018) .......................................................................... 10, 12

*Rudolph & Me, Inc. v. Ornament Cent., LLC*,
   2011 WL 3919711 (M.D. Fla. Sept. 7, 2011) ................................................ 6

*S&B/Bibb Hines Pb 3 Joint Venture v. Progress Energy Fla., Inc.*,
   365 F. App'x 202 (11th Cir. 2010)................................................................. 13, 14

*SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*,
   2015 WL 13792807 (M.D. Fla. Dec. 9, 2015)................................................15

*Scoma Chiropractic, P.A. v. Dental Equities, LLC*,
   2016 WL 11410896 (M.D. Fla. Apr. 29, 2016) .............................................. 9

*Spencer v. Wachovia Bank, N.A.*,
   2006 WL 3408043 (S.D. Fla. May 10, 2006) .................................................12

*Strother v. Hylas Yachts, Inc.*,
   2012 WL 4531357 (S.D. Fla. Oct. 1, 2012)................................................... 6

*SunSouth Bank v. NashYork, LLC*,
    2013 WL 500348 (M.D. Ala. Feb. 11, 2013) ..................................................... 8

*Suomen Colorize Oy v. DISH Network LLC*,
    801 F. Supp. 2d 1334 (M.D. Fla. 2011) ......................................................... 7

*Ueker v. Wells Fargo Capital Fin. LLC (In re Mortgage Fund '08 LLC)*,
    527 B.R. 351 (N.D. Cal. 2015) ..................................................................15

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ..................................................................................... 7

*Wood v. United States*,
    961 F.2d 195 (11th Cir. 1992) ..................................................................... 3

*Zampa v. JUUL Labs, Inc.*,
    2019 WL 1777730 (S.D. Fla. Apr. 23, 2019) ............................................. 6

*Zola v. TD Ameritrade, Inc.*,
    889 F.3d 920 (8th Cir. 2018) ....................................................................10

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co.*,
    917 So. 2d 368 (Fla. 5th DCA 2005) ................................................... 13, 15

STATUTES

15 U.S.C. § 78bb ...................................................................................... 1, 11

15 U.S.C. § 78u-4 ........................................................................................ 3

28 U.S.C. § 1391 ......................................................................................... 4

28 U.S.C. § 1404 ................................................................................. 1, 4, 7

Defendants Robinhood Financial LLC ("Robinhood"), Citadel Securities LLC, Apex Clearing Corporation, Two Sigma Securities, LLC,[1] Wolverine Securities, LLC, and Virtu Financial, Inc. (collectively, the purported "Market-Maker Defendants") (together with Robinhood, the "Defendants") submit this memorandum in support of their motion to transfer venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404 or, in the alternative, dismiss this action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 12 Stat. 3227 and for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff Jim Antonio Alers filed a complaint in this District despite the fact that a consolidated putative class action based on substantially identical factual allegations has been pending against Robinhood in the Northern District of California for months (the "Consolidated Action").  Rather than join that ongoing action, Plaintiff seeks to try his luck elsewhere by filing an equally meritless action in a different federal forum.  Plaintiff's attempt to force Defendants to litigate the same issues in separate courthouses and be subjected to competing discovery requests and potentially inconsistent rulings elevates gamesmanship over efficiency and common sense.  The Court should transfer this case to the Northern District of California, where it would automatically be consolidated with the Consolidated Action.

Transfer of this action to the Northern District of California will serve the interests of justice and judicial economy, avoid duplicative and potentially inconsistent rulings, and reduce expenses for the courts and the parties.  Plaintiff's choice of forum is entitled to little deference because this action is purportedly brought on behalf of a nationwide class and because Plaintiff does not allege that this District has any meaningful connection with the operative facts.  Moreover, the cases that were consolidated into the Consolidated Action were filed months ago and there have been significant developments since they were filed— the actions have been consolidated, the court has appointed lead counsel and a lead plaintiff, a Consolidated Amended Complaint has been filed, and Robinhood has moved to dismiss and to deny class certification.  The consolidation order in that case expressly

---

[1]   Plaintiff incorrectly refers to this Defendant as Two *Signa* Securities, LLC.

contemplates that an action arising out of the same subject matter may be transferred to the Northern District of California and automatically will be consolidated with the Consolidated Action.   Transfer would allow this action to be consolidated with the Consolidated Action and proceed efficiently in a single forum.

In the alternative, the Court should dismiss this case because it is precluded by SLUSA, which bars plaintiffs from bringing securities fraud class actions under the guise of state law.  Every Court of Appeals to have addressed this issue, as well as numerous district courts, has held that class actions, such as this one, asserting state law claims premised on breaches of the "duty of best execution" involving fraud or nondisclosure, are barred by SLUSA.  The duty of best execution requires broker-dealers to seek the most favorable execution terms reasonably available under the circumstances.  The essence of Plaintiff's complaint is that Robinhood engaged in fraud and nondisclosure in connection with its breach of that duty.  Robinhood allegedly negotiated with the Market-Maker Defendants to receive excessive payment for order flow ("PFOF") rates—compensation paid to broker-dealers for routing orders to principal trading firms for execution—which purportedly caused Robinhood customers to receive inferior trade execution prices compared to what the customers might have obtained from other retail broker-dealers.  Plaintiff's theory is that Robinhood failed to disclose PFOF as a source of revenue and made false statements about the execution quality it provided.  As recognized by federal courts addressing similar allegations—and, indeed, the plaintiff in the Consolidated Action—Plaintiff's state-law claims fall squarely within the scope of SLUSA and must be dismissed.

Although SLUSA bars each of Plaintiff's claims at the outset, Plaintiff has further failed to adequately plead two central elements of his aiding and abetting breach of fiduciary claims: actual knowledge and substantial assistance.  Each failure is a separate reason to dismiss the complaint.

<u>BACKGROUND</u>[2]

Starting in December 2020, five putative class actions were filed in either the Southern or Northern Districts of California asserting that Robinhood and certain affiliated Robinhood entities made material misrepresentations and omissions in connection with an alleged breach of the duty of best execution.[3]   In addition to asserting various state law claims, each of the actions filed in the Northern District asserted a violation of Section 10(b) of the Securities Exchange Act of 1934.   The assertion of that claim rendered the actions subject to the Private Securities Litigation Reform Act ("PSLRA"), triggering certain procedural requirements, including the consolidation of the actions and the appointment of a lead plaintiff and lead counsel.  15 U.S.C. § 78u-4.

After the action filed in the Southern District of California was transferred to the Northern District, all of the actions were consolidated in April 2021 under the name *In re Robinhood Order Flow Litigation*, and the court overseeing the Consolidated Action appointed a lead plaintiff and lead class counsel.   (Ex. 1.)[4]   The consolidation order expressly states that related actions that are transferred to the Northern District will be consolidated into the Consolidated Action.  (*Id.* at 5.)

In May 2021, the lead plaintiff filed a Consolidated Amended Complaint ("CAC"). (Ex. 2.)  The CAC asserts claims under Section 10(b) of the Securities Exchange Act of 1934 and various state law claims, including breach of fiduciary duty (the same claim asserted in this action).   Robinhood moved to dismiss the CAC and to deny class certification in August 2021.  Those motions have been fully briefed.

On August 31, 2021, almost a year after the first best execution case was filed against Robinhood in the Northern District of California, Plaintiff commenced this action.   The complaint alleges facts identical to those alleged in the CAC: that Robinhood made

---

[2]   The factual allegations in the complaint are assumed to be true for purposes of this motion only.  *See Wood v. United States*, 961 F.2d 195, 196 (11th Cir. 1992) (accepting allegations in the complaint for the purposes of an appeal from a district court's grant of a motion to transfer).

[3]   One additional action was filed in the Southern District of New York, but it was subsequently dismissed.

[4]   Citations to "Ex. __" refer to the exhibits to the accompanying Declaration of Brandon Fetzer.

misleading statements and omissions regarding its PFOF practices.  Indeed, many of Plaintiff's factual allegations match the allegations in the CAC word for word.  (*Compare* CAC ¶¶ 49-50, 53-54, 64-65, 79-80 *with* Compl. ¶¶ 33-34, 36-37, 47, 57.)  The complaint asserts that Robinhood breached its fiduciary duties and that the Market-Maker Defendants aided and abetted Robinhood's alleged breach.  (Compl. ¶¶ 68-127.)

## ARGUMENT

**I.    THE COURT SHOULD TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA.**

Given the existence of the Consolidated Action, which was commenced well before the filing of this case, the Court should not permit Plaintiff's forum shopping.  It should transfer this action to the Northern District of California under the doctrine of comity and "in the interest of justice."  28 U.S.C. § 1404(a).

The Court may transfer this action to the Northern District of California, where the Consolidated Action is pending and where this action also "might have been brought" under 28 U.S.C. § 1404(a).  Venue is proper in the Northern District of California because a substantial part of the events allegedly giving rise to Plaintiff's claims occurred in that district and because Robinhood is subject to personal jurisdiction there.  28 U.S.C. § 1391(b).  "In enacting the venue statute, Congress intended to protect defendants and therefore meant to require courts to focus on the relevant activities of the defendant, not of the plaintiff."  *Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009) (internal quotations omitted).  The gravamen of the complaint is that Robinhood, which is headquartered in Menlo Park, California, made misrepresentations and omissions in connection with an alleged breach of the duty of best execution.  (Compl. ¶¶ 2, 15.)  Those alleged misrepresentations and omissions emanated from California, not Florida, and Plaintiff does not otherwise allege that any of the facts giving rise to this action occurred in Florida.[5]

---

[5]    Plaintiff incorrectly claims that Robinhood—which is defined as Robinhood Financial LLC—maintains its "regional headquarters in Lake Mary, Florida." (Compl. ¶ 65.)  The Robinhood entity that maintains a headquarters in Florida is *Robinhood Securities, LLC*, an entity that was not named as a defendant.  *Compare* https://brokercheck.finra.org/firm/summary/287900 (indicating that Robinhood Securities, LLC's "Main Office Location" is in Lake Mary, Florida) *with* https://brokercheck.finra.org/firm/summary/165998

**A.    This Court Should Exercise Its Discretion to Transfer the Action Pursuant to the First-Filed Rule.**

Under the first-filed rule and consistent with comity, the Court should transfer this action to the Northern District of California, where five related actions were consolidated before Plaintiff sued here.  "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).  Courts analyze three factors to determine the applicability of the first-filed rule: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Lianne Yao v. Ulta Beauty Inc.*, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018).  These factors all weigh in favor of the application of the first-filed rule in this case.

*First*, the original suit relating to Robinhood's alleged breach of the duty of best execution was commenced in December 2020 in the Northern District of California, and the CAC has been on file in that district since May 2021, easily satisfying the chronology requirement.  *See id.* at *2 (applying first-filed rule where first action was filed three months prior).

*Second*, the similarity-of-parties requirement is met because both actions include Robinhood and a nationwide putative class of Robinhood users who purportedly were injured by Robinhood's alleged misrepresentations and omissions in connection with the alleged violation of the duty of best execution.[6]  *See Chapman v. Progressive Am. Ins. Co.*, 2017 WL 3124186, at *2 (N.D. Fla. July 24, 2017) (finding similarity-of-parties requirement satisfied because "there would be overlap between the classes"); *Arnesen v. Am. Home Shield of Fla., Inc.*, 2012 WL 13024104, at *2 (S.D. Fla. July 9, 2012) (applying first-filed rule where the class definitions in the two cases were "substantially identical").  Although this action includes defendants that are not named in the Consolidated Action, "precise

---

(indicating that Robinhood Financial LLC's "Main Office Location" is in Menlo Park, California).

[6]    *Compare* Compl. ¶ 57 ("All former and current Customers of Robinhood in the United States and its territories who traded on Robinhood's platform within 4 years preceding the filing of this lawsuit.") *with* CAC ¶ 98 ("All persons in the United States or its Territories who were users of Robinhood between September 1, 2016 and June 16, 2020 and who placed orders in connection with which Defendants received payment for order flow.").

identity of the parties is not required." *Chapman*, 2017 WL 3124186, at *2 (internal quotations omitted); *Rudolph & Me, Inc. v. Ornament Cent., LLC*, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011) (same). The first-filed rule applies so long as "some of the parties" in the later-filed action "are also in" the first-filed action. *Dreyfuss v. W. Coast Life Ins. Co.*, 2021 WL 254313, at *1 (S.D. Ga. Jan. 25, 2021) (first-filed rule "does not demand complete unity of parties") (internal quotations omitted).

*Third*, the claims and issues raised in this case are substantially similar to those raised in the Consolidated Action. Both actions assert claims against Robinhood for breach of fiduciary duty and allege that Robinhood made misrepresentations and omissions in connection with its alleged breach of the duty of best execution.[7] Plaintiff's assertion of aiding and abetting claims against additional defendants that are not asserted in the Consolidated Action does not impact the analysis, especially where the underlying breach of fiduciary duty claim is identical. *See, e.g.*, *Kelly v. Gerber Prod. Co.*, 2021 WL 2410158, at *1 (S.D. Fla. June 11, 2021) ("Raising new claims in the second action does not defeat the first-to-file rule. Differences between issues 'have no bearing so long as their resolutions turn on similar determinations of fact.'") (citation omitted); *Peterson v. Aaron's, Inc.*, 2015 WL 224750, at *3 (N.D. Ga. Jan. 15, 2015) ("As long as the underlying facts are the same . . . the fact that the two complaints allege violations of different . . . laws is not enough to render them substantially dissimilar for purposes of the first-to-file analysis.") (citation omitted). Furthermore, the aiding and abetting claims arise from the purported misrepresentations and omissions allegedly made by Robinhood. There need only be "substantial overlap" between "the issues" raised to warrant transfer. *Zampa v. JUUL Labs, Inc.*, 2019 WL 1777730, at *5 (S.D. Fla. Apr. 23, 2019); *Strother v. Hylas Yachts, Inc.*, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) ("All that need be present is that the two actions involve closely related questions or common subject matter.") (alteration and internal quotation omitted); *Rudolph & Me*, 2011 WL 3919711, at *3 (first-filed rule applicable "where the subject matter of the later filed case substantially overlaps with that of

---

[7]    In connection with Robinhood's motion to dismiss the Consolidated Action, the lead plaintiff in the Consolidated Action did not dispute that SLUSA requires actions like this one to be filed under the federal securities laws, and therefore did not oppose dismissal of his state law claims.

the earlier one").  Indeed, there is no conceivable reason for Plaintiff's decision to file in this District other than to gain some perceived tactical advantage by forcing Robinhood to litigate on two fronts.

**B.     The Balance of Factors That Courts Consider in Determining Whether Transfer is Appropriate Weighs in Favor of Transfer.**

In addition to the first-filed rule, the balance of factors under 28 U.S.C. § 1404 weighs strongly in favor of transfer.  "Two courts considering the same issue not only is a waste of judicial resources, but also gives rise to the possibility of conflicting results."  *Holt v. Station Casinos, Inc.*, 2012 WL 13005972, at *2 (S.D. Fla. Apr. 2, 2012).  The purpose of 28 U.S.C. § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Suomen Colorize Oy v. DISH Network LLC*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The Eleventh Circuit has identified nine factors courts should consider in evaluating whether transfer is appropriate:  (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  In this case, the balance of these factors weighs in favor of transfer.

**1.     Judicial Economy and the Interests of Justice Favor Transfer.**

Transfer of this action to the Northern District of California would best serve the interests of judicial economy and the efficient administration of justice because this action would be automatically consolidated with the Consolidated Action.  *See Cent. Money Mortg., Co. v. Holman*, 122 F. Supp. 2d 1345, 1347 (M.D. Fla. 2000) (transfer and consolidation of cases involving the same central issue and duplicative evidence and witnesses "would promote judicial economy and efficiency, and avoid problems related to duplicative actions in multiple forums").

Because this action asserts claims based on the same underlying facts—Robinhood's

alleged breach of the duty of best execution—transfer of this action to the Northern District of California would serve Section 1404(a)'s important purpose of preventing duplicative and potentially inconsistent rulings, as well as reducing expenses for the court, the parties, and potential witnesses. *See SunSouth Bank v. NashYork, LLC*, 2013 WL 500348, at *3 (M.D. Ala. Feb. 11, 2013) ("[T]he interests of justice . . . require that the cases be *related*, not identical.") (citation and internal quotation marks omitted) (emphasis added). As the Supreme Court has emphasized, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). The interests of judicial efficiency are served when related cases can be consolidated in a single court. *See Brown v. Conn. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (affirming transfer and stating it was "important that both these cases proceed in a single district to permit consolidation").

### 2.    The Underlying Events Occurred in California and Witnesses and Evidence are Located There.

The complaint is based on events that occurred in California. The "site of the events from which the claim arises" is a "key factor" in evaluating a motion to transfer venue. *Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1245 (M.D. Fla. 2016) (citation omitted). The principal allegation is that Robinhood made misrepresentations or omissions in connection with an alleged breach of the duty of best execution. The alleged misrepresentations and omissions emanated from California, and Plaintiff does not identify any facts occurring within Florida. None of the Market-Maker Defendants have their principal place of business in Florida.

The convenience of witnesses—many of whom are located at Robinhood's headquarters in California—"is probably considered the single most important factor in the analysis whether a transfer should be granted." *Bray v. Bank of Am.*, 2014 WL 12622468, at *2 (M.D. Fla. July 29, 2014) (internal quotation omitted); *see also Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1352 (M.D. Fla. 1999) (giving "great weight" to the convenience of the parties and witnesses). Were these claims not SLUSA-barred for the reasons explained below, those witnesses would be subject to depositions and trial in California on the same subject matter as this lawsuit in connection with the

Consolidated Action, and they would suffer extreme inconvenience if duplicative litigation were to proceed in this District as well.

The Court's ability to use compulsory process to obtain live testimony of key witnesses is also a relevant factor when determining whether transfer should be granted. *See Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004). To the extent that Robinhood employees with relevant knowledge depart the company, the Northern District of California is more likely than this District to be able to compel their live testimony. "The California district courts have the power to subpoena witnesses throughout the state pursuant to FRCP 45(b)(2)(C), which provides that a subpoena may be served anywhere within the state of the issuing court if a state statute allows statewide service. Section 1989 of the California Code of Civil Procedure is the state statute authorizing such service." *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008).[8]

**3.      Plaintiff's Choice of Forum and the Relative Means of the Parties Are Neutral Factors in the Context of a Nationwide Class Action.**

Plaintiff's chosen forum in this case is afforded little, if any, deference in the context of a nationwide class action. *See Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 2016 WL 11410896, at *2 (M.D. Fla. Apr. 29, 2016) (reasoning that plaintiff and potential class members "are equally entitled to have the case litigated in their home courts"); *see also Ellis v. Whirlpool Corp.*, 2007 WL 4706908, at *1 (N.D. Ala. Nov. 27, 2007) (A "plaintiff's choice of forum, though usually accorded deference, is not a significant factor when the case is prosecuted as a class action.").

Plaintiff's choice of forum is even less relevant because "the operative facts underlying the action occurred outside of the judicial district where the action was brought." *Scoma Chiropractic*, 2016 WL 11410896, at *2; *see also BES Design Build, LLC v. Harrell*

---

[8]      For the same reasons, documents and other sources of proof are located in California. Although the electronic transfer of documents reduces the importance of this factor, it "still weighs slightly in favor of transfer." *Camoco, LLC v. Leyva*, 2018 WL 6166302, at *5 (M.D. Fla. Sept. 21, 2018) (internal quotations omitted); *see also Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, 2012 WL 1658810 (M.D. Fla. Apr. 25, 2012) (granting transfer to Northern District of California where one of two defendants resided in California and the majority of the evidence would originate from California, notwithstanding the presence in Florida of certain witnesses), *report and recommendation adopted*, 2012 WL 1658533 (M.D. Fla. May 11, 2012).

*Design Grp., P.C.*, 2018 WL 6739069, at *6 (S.D. Ala. Oct. 26, 2018) (Where "the bulk of events which give rise to this action took place" in a different state, plaintiff's choice of forum "is subject to diminished deference.").

In the class action context, the "relative means" of the parties also is "essentially irrelevant" because "counsel are financing the case on behalf of Plaintiffs, whose modest means relative to those of Defendant are of absolutely no moment." *Maxon v. Sentry Life Ins. Co.*, 2018 WL 3850011, at *4 (M.D. Fla. Apr. 11, 2018) (internal quotation omitted).

## II.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S SLUSA-BARRED COMPLAINT.

Plaintiff's complaint, which asserts only state-law claims, is precluded by SLUSA. Under long-established Eleventh Circuit precedent, SLUSA bars a class action if it meets five elements: (1) a "covered class action" (2) based on state law claims (3) alleging that the defendants made a misrepresentation or omission or employed any manipulative or deceptive device (4) in connection with the purchase or sale of (5) a "covered security." *See Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008).

Here, Plaintiff's complaint meets all five elements. Indeed, every Court of Appeals to have addressed the issue has determined that breaches of the duty of best execution involving fraud or nondisclosure are subject to the SLUSA bar. *See Fleming v. Charles Schwab Corp.*, 878 F.3d 1146, 1154 (9th Cir. 2017) (holding that SLUSA "bars best execution claims to the extent that a best execution violation is based on fraud or nondisclosure") (internal quotations omitted); *Rayner v. E\*TRADE Fin. Corp.*, 899 F.3d 117, 121 (2d Cir. 2018) (holding that "best execution claims alleging misrepresentations or omissions" relating to a broker's receipt of PFOF are subject to SLUSA preclusion); *Zola v. TD Ameritrade, Inc.*, 889 F.3d 920, 923-26 (8th Cir. 2018) (affirming dismissal of best execution fiduciary duty claims, as well as aiding and abetting claims, as precluded by SLUSA); *Kurz v. Fidelity Mgmt. & Rsch. Co.*, 556 F.3d 639, 641-42 (7th Cir. 2009) (rejecting plaintiff's argument that SLUSA did not permit removal of suit filed in state court alleging violation of duty of best execution as "frivolous" and concluding that plaintiff "had a federal securities claim, or he had nothing"). Because Plaintiff has pleaded an action that is squarely precluded by SLUSA, the Court should dismiss it with prejudice.

**A.    This Case Is a Covered Class Action.**

*First*, this case is a "covered class action."  *See Instituto De Prevision Militar*, 546 F.3d at 1345.  Under 15 U.S.C. § 78bb(f)(5)(B), an action is a covered class action if it meets one of two different definitions.  Plaintiff's complaint meets both.  The complaint satisfies the first definition because damages are sought on behalf of more than 50 persons or prospective class members and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.  *See* 15 U.S.C. § 78bb(f)(5)(B)(i).  (Compl. ¶¶ 60, 63.)  And the complaint also satisfies a separate, second definition of a covered class action: Plaintiff seeks to recover damages on a representative basis on behalf of himself and other unnamed parties similarly situated, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.  *See* 15 U.S.C. § 78bb(f)(5)(B)(ii).  (Compl. ¶¶ 60, 63 (alleging that there are potentially "thousands of Class Members" and that "common questions predominate over any questions affecting only individual Class Members").)  By either definition, Plaintiff's complaint is a covered class action.

**B.    Plaintiff Asserts Claims Based on State Common Law.**

*Second*, Plaintiff's claims are based on state common law.  *See Instituto De Prevision Militar*, 546 F.3d at 1345.  Specifically, Plaintiff alleges breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims.  (Compl. ¶¶ 68-127.)

**C.    Plaintiff's Claims Are Based on Alleged Misrepresentations or Omissions in Connection with the Purchase or Sale of Covered Securities.**

*Third*, Plaintiff has alleged misrepresentations or omissions in connection with the purchase or sale of covered securities.  *See Instituto De Prevision Militar*, 546 F.3d at 1345; *see also Fleming*, 878 F.3d at 1154-55.

In *Fleming*, the Ninth Circuit held that the misrepresentation element of the SLUSA analysis was satisfied by plaintiffs who alleged that their broker breached its duty of best execution by failing to disclose the terms of its PFOF agreements.  *Id.*  This is precisely what Plaintiff has alleged here.  Indeed, regardless of the names assigned to Plaintiff's state law claims, they are precluded because Plaintiff expressly admits that the gravamen of the

complaint is that Robinhood allegedly made false statements in connection with its breach of the duty of best execution:

> *This action concerns the material misrepresentations and omissions made by Robinhood* relating to its customers regarding its revenue sources, specifically its receipt of payments from certain principal trading firms, for routing Robinhood customer orders to them, and relating to certain false statements about the execution quality Robinhood achieved for its customers' orders.

(Compl. ¶ 15 (emphasis added).)   "Artful pleading is insufficient to overcome the application of SLUSA: when the gravamen or essence of the complaint involves an untrue statement or substantive omission of a material fact, and when that conduct coincides with a transaction involving a covered security, SLUSA mandates dismissal."   *Spencer v. Wachovia Bank*, N.A., 2006 WL 3408043, at *2 (S.D. Fla. May 10, 2006) (internal quotations omitted); *see also Fleming*, 878 F.3d at 1154 (SLUSA applies when "[t]he gravamen of each of Plaintiffs' complaints, no matter how legally characterized, is that defendants intentionally breached a duty of 'best execution'"); *Rayner*, 899 F.3d at 120 (holding that substance governs over form when determining whether plaintiffs' allegations fall within SLUSA).  In addition to the admissions identified above, Plaintiff alleges, among other things:

- "Although payment for order flow remained the company's largest revenue source throughout this period, Robinhood did not include payment for order flow as a revenue source in its answer to the 'How Robinhood Makes Money' FAQ on its website" (Compl. ¶ 48);

- "Robinhood instructed customer service representatives to direct customers to the 'How Robinhood Makes Money' FAQ page or use the language of the misleading FAQ answer when responding to general questions about how Robinhood made money" (Compl. ¶ 51);

- Robinhood falsely claimed that its execution quality matched or beat that of its competitors (Compl. ¶¶ 53-59); and

- Robinhood "failed to disclose the source of its most substantial revenue source, customer order flows" (Compl. ¶ 60).

Although Plaintiff may contend that he has not specifically alleged a cause of action containing fraud as an element, courts have repeatedly rejected that such an element is required for the SLUSA bar to apply.  *See Fleming*, 878 F.3d at 1150, 1154 (holding that California Unfair Competition Law, breach of fiduciary duty, and unjust enrichment claims premised on breach of duty of best execution were precluded by SLUSA); *Spencer*, 2006

WL 3408043, at *3 (plaintiffs cannot take facts relating to fraud in connection with the purchase and sale of securities and "cast them as claims for breach of fiduciary duty in an attempt to avoid SLUSA").

The "in connection with" and "covered security" elements of SLUSA also are satisfied because Plaintiff admits that the allegedly deceptive conduct occurred in connection with the purchase or sale of securities (Compl. ¶ 15), and Robinhood permits customers to place trades in securities traded nationally and listed on national exchanges (Compl. ¶ 23.)  *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83-85 (2006) (holding that the "in connection with" requirement is satisfied when alleged fraud "coincide[s]" with securities transactions and that "covered" securities are those "traded nationally and listed on a regulated national exchange").

Taken together, Plaintiff's claims are plainly precluded by SLUSA.  Consistent with every Court of Appeals to have considered the issue—and with the judgment of the plaintiff in the Consolidated Action who did not oppose dismissal of a near-identical claim—the Court should dismiss this action as SLUSA-barred.

## III.    PLAINTIFF ALSO FAILS TO STATE AN AIDING AND ABETTING CLAIM.

Separately, this Court should also dismiss the claims against the Market-Maker Defendants because Plaintiff fails to plausibly allege that any of the Market-Maker Defendants aided and abetted Robinhood's alleged breach of fiduciary duty.  Plaintiff does not and cannot adequately plead either of the central elements of an aiding and abetting claim: that any defendant had "actual knowledge" of the alleged breach or provided "substantial assistance" or encouragement to Robinhood.  The claims should therefore be dismissed.  *See, e.g., Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906-07 (11th Cir. 2012).

To survive a motion to dismiss, Plaintiff must plausibly allege that: (1) the Market-Maker Defendants actually knew of Robinhood's breach of fiduciary duty, and (2) the Market-Maker Defendants substantially assisted or encouraged Robinhood's wrongdoing. *See S&B/Bibb Hines Pb 3 Joint Venture v. Progress Energy Fla., Inc.*, 365 F. App'x 202, 207 (11th Cir. 2010); *Dong Su v. Henry Glob. Consulting Grp.*, 2021 WL 2712366, at *2 (C.D. Cal. July 1, 2021); *see also ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co.*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005); *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138,

1144 (2005).[9]  Plaintiff's allegations—identical with respect to each of the five Market-Maker Defendants—are wholly conclusory and do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As to the element of actual knowledge, Plaintiff's sole allegation with respect to each Market-Maker Defendant is that they "knew that the arrangements between themselves and [Robinhood] violated [Robinhood's] fiduciary duty by placing [Robinhood's] financial interests over that of its customers."  (*See* Compl. ¶¶ 82, 92, 102, 112, 122.)  Plaintiff has asserted only "legal conclusion[s]" and not "factual allegations" sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.  The claims should be dismissed on this basis alone—indeed, courts routinely dismiss aiding and abetting breach of fiduciary duty claims for this exact pleading failure.  *See Lamm v. State Street Bank & Trust*, 749 F.3d 938, 950-51 (11th Cir. 2014) (allegations that defendant bank "should have known" due to red flags and "atypical activities" did not rise to the level of actual knowledge); *Lawrence*, 455 F. App'x at 907 (knowledge of irregularities does not suffice to allege "actual knowledge" of breach); *S&B/Bibb*, 365 F. App'x at 207 (conclusory statements of knowledge fail under *Twombly*); *Hill v. Nagpal*, 2013 WL 246746, at *3 (S.D. Fla. Jan. 22, 2013) (conclusory allegation that defendants "knowingly . . . aided and abetted the breaches of fiduciary duties described herein" not sufficient); *In re Textainer P'ship Sec. Litig.*, 2005 WL 3801596, at *16 (N.D. Cal. Dec. 12, 2005) (allegations that defendant executed an asset purchase agreement and other contracts, without more, were "conclusory in nature and, as such, is insufficient to plead" actual knowledge); *Laguna Invs., LLC v. Deutsche Bank Trust Co. Americas*, 2006 WL 3366133, at *12 (Cal. Ct. App. Nov. 21, 2006) (conclusory allegation that defendant "actively participated in, were [sic] aware of, and encouraged" the breach of fiduciary duty not sufficient).

Plaintiff's allegations with respect to substantial assistance fare no better.  Plaintiff asserts that each of the Market-Maker Defendants "consummated" certain agreements with Robinhood whereby the Market-Maker Defendants "would pay Robinhood a high price for

---

[9]  Pursuant to Robinhood's customer agreement, California law governs Plaintiff's claim, but the Court need not decide this issue now because Plaintiff fails to state a claim under both California and Florida law.

Robinhood's order flow."  (*See* Compl. ¶¶ 78, 83, 88, 93, 98, 103, 108, 113, 118, 123.)  But "[s]ubstantial assistance is an essential element of an aiding and abetting claim."  *SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*, 2015 WL 13792807, at *6 n.3 (M.D. Fla. Dec. 9, 2015).  It is satisfied only when a defendant "affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur."  *Chang v. JPMorgan Chase Bank*, N.A., 845 F.3d 1087, 1098 (11th Cir. 2017); *see also Ueker v. Wells Fargo Capital Fin. LLC (In re Mortgage Fund '08 LLC)*, 527 B.R. 351, 365 (N.D. Cal. 2015) (observing that California courts have long held substantial assistance requires knowledge of the "specific primary wrong").  Plaintiff's allegations show nothing of the sort.  Plaintiff's allegations do not show that the Market-Maker Defendants "affirmatively assist[ed]" or "help[ed] conceal" Robinhood's alleged breach—setting up a system where only those market-makers who would agree to pay its high PFOF rates could execute its customers' orders—such that they "enabl[ed] it to occur."

At bottom, Plaintiff asserts in a vague fashion that the Market-Maker Defendants entered into agreements with Robinhood.  But merely doing business with an entity that allegedly breached its fiduciary duties does not render a party an aider and abettor.  *See, e.g., ZP No. 54 Ltd. P'ship*, 917 So. 2d at 372 (issuing bonds, without more, does not constitute the requisite "substantial assistance" under Florida law); *Banco Indus. de Venezuela, C.A. v. CDW Direct, L.L.C.*, 888 F. Supp. 2d 508, 516 (S.D.N.Y. 2012) (noting that plaintiff "offer[ed] no allegations that [defendant] was doing anything other than offering its normal services" and that "[t]he mere fact that the [primary wrongdoer] used [defendant] to perpetrate his breach of fiduciary duty does not rise to the level of substantial assistance"); *Ueker*, 527 B.R. at 365 (ordinary business transactions—releasing a lien on a loan—did not constitute substantial assistance where plaintiff did not allege aider and abettor bank acted knowing it was assisting specific tort); *McFall* v. *Stacy & Witbeck, Inc.*, 2016 WL 6248882, at *5 (N.D. Cal. Oct. 26, 2016) (ordinary business transactions do not constitute "substantial assistance" without actual knowledge that actions are furthering breach of fiduciary duty).

For the foregoing reasons, the Court should dismiss the aiding and abetting fiduciary duty claims against the Market-Maker Defendants.

<u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that this action be transferred to the Northern District of California or, in the alternative, dismissed with prejudice.

Dated:  October 25, 2021                    Respectfully submitted,

                                   By: */s/ Ryan T. Thornton*
                                   Grace L. Mead (Florida Bar No. 49896)
                                   Ryan T. Thornton (Florida Bar No. 99195)
                                   **STEARNS WEAVER MILLER**
                                   Museum Tower
                                   150 West Flagler Street, Suite 2200
                                   Miami, Florida 33130
                                   Telephone: (305) 789-3559
                                   Email: gmead@stearnsweaver.com
                                   Email: rthornton@stearnsweaver.com

                                   Maeve O'Connor (*pro hac vice*)
                                   Elliot Greenfield (*pro hac vice*)
                                   Brandon Fetzer (*pro hac vice*)
                                   **DEBEVOISE & PLIMPTON LLP**
                                   919 Third Avenue
                                   New York, New York 10022
                                   Telephone: (212) 909-6000
                                   Email: mloconnor@debevoise.com
                                   Email: egreenfield@debevoise.com
                                   Email: bfetzer@debevoise.com

                                   *Counsel for Defendant Robinhood Financial LLC*

                                   By: */s/ Ian Ross*
                                   Ian Ross (Florida Bar No. 91214)
                                   **STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
                                   One Biscayne Tower
                                   Two S. Biscayne Boulevard, Suite 1600
                                   Miami, Florida 33131
                                   Telephone: (305) 614-1400
                                   Email: iross@sfslaw.com

                                   Andrew Gordon (*pro hac vice*)
                                   Jessica Carey (*pro hac vice*)
                                   Kristina Bunting (*pro hac vice*)

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: agordon@paulweiss.com
Email: jcarey@paulweiss.com
Email: kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial Inc.*

By: */s/ Angela D. Daker*
Angela D. Daker (Florida Bar No. 681571)
**WHITE & CASE LLP**
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: adaker@whitecase.com

J. Mark Gidley (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Email: mgidley@whitecase.com

Jack E. Pace III (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jpace@whitecase.com
Email: bgant@whitecase.com

*Counsel for Apex Clearing Corporation*

By: */s/ Louise McAlpin*
Louise McAlpin (Florida Bar No. 983810)
Allison Kernisky (Florida Bar No. 41160)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Email: louise.mcalpin@hklaw.com
Email: allison.kernisky@hklaw.com

17

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Miranda Gonzalez (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
Email: jgerber@cgsh.com
Email: mirgonzalez@cgsh.com

*Counsel for Defendant Two Sigma Securities, LLC*

/s/ *John F. O'Sullivan*
John F. O'Sullivan (Florida Bar No. 143154)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone: (305) 439-5008
johnosullivan@quinnemanuel.com

*Counsel for Defendant Citadel Securities LLC*

/s/ *James D. Gassenheimer*
James D. Gassenheimer (Florida Bar No. 959987)
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jgassenheimer@bergersingerman.com

Matthew J. Dolan (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7106
mdolan@sidley.com

*Counsel for Defendant Wolverine Securities, LLC*

<u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3), I CERTIFY that on October 20, 2021, counsel for Defendants requested a telephonic conference with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion that require conferral, specifically, transfer of this action to the Northern District of California.  Upon being informed that Defendants would seek transfer of this action, Plaintiff's counsel advised that Plaintiff opposes the relief.

Dated:  October 25, 2021

By: */s/ Ryan T. Thornton*          
Ryan T. Thornton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *_/s/ Ryan T. Thornton_*

Ryan T. Thornton

SERVICE LIST

Michael A. Citron, Esq.
Florida Bar No.: 105083
Kristen D. Montgomery, Esq.
Florida Bar No.: 1003495
MAC LEGAL, P.A.
4601 Sheridan Street, Ste. 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
KMontgomery@maclegalpa.com
Service@maclegalpa.com – Service Address


Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address