**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:21-cv-61848-COOKE/HUNT**

JIM ANTONIO ALERS, on his own
behalf, and onbehalf of those similarly
situated,

      Plaintiff(s),

v.

ROBINHOOD FINANCIAL, LLC,
CITADEL SECURITIES, LLC, APEX
CLEARING CORPORATION, TWO
SIGNA SECURITIES,LLC,
WOLVERINE SECURITIES, LLC,
and VIRTU FINANCIAL, INC.,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' JOINT MOTION TO TRANSFER OR DISMISS**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT...................................................................................................... 1

ARGUMENT ...............................................................................................................................2

I.      THE COURT SHOULD DENY THE MOTION TO TRANSFER THIS CASE TO THE
        NORTHERN DISTRICT OF CALIFORNIA........................................................................ 2

A.      Defendant Has Not Met Its Burden to Show that the First-Filed Rule Should Apply to This
        Case……………………………………………………………………………………….... 2

B.      The Balance of Factors That Courts Consider in Determining Whether Transfer is
        Appropriate Does Not Weighs in Favor of Transfer. ........................................................... 8

II.     THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
        COMPLAINT BASED ON SLUSA, AS SLUSA IS INAPPLICABLE…………………. 15

A.      Plaintiff's Claims Are Not Based on Misrepresentations or Omissions, or a "Manipulative
        or Deceptive Device" in Connection with the Purchase or Sale of Covered
        Securities……………………………………………………………………………………15

B.      The Materiality Element of SLUSA, Which Defendant Ignores, Is Not Met……………17

C.      The "In Connection With" Element of SLUSA Is Not Met………………………………17

D.      The "Covered Securities" Element of SLUSA Is Not Met………………………………18

III.    DEFENDANT'S ARGUMENTS AS TO AIDING AND ABETTING
        ARE WITHOUT MERIT. ................................................................................................ 18

CONCLUSION................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson v. Edward D. Jones & Co., L.P.,*
990 F.3d 692 (9th Cir. Mar. 4, 2021)……………………………………………………13

*Arnesen v. Am. Home Shield of Fla., Inc.*,
2012 WL 13024104 (S.D. Fla. July 9, 2012)…………………………………………………..3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)…………………………………………………………………………..15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………………..15

*Burns v. Prudential Sec.*,
116 F. Supp. 2d 917 (N.D. Ohio 2000)…………………………………………………12

*Bragg v. Linden Research, Inc.*,
487 F. Supp. 2d 593 (E.D. Pa. 2007)…………………………………………………………11

*Brink v. Raymond James & Assocs.*,
892 F.3d 1142 (11th Cir. 2018)…………………………………………………………13

*Cardenas v. Toyota Motor Corp.*,
2019 U.S. Dist. LEXIS 165664 (S.D. Fla. Sep. 25, 2019)…………………………………..2

*Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*,
508 F. Supp. 2d 1186 (S.D. Fla. 2007)……………………………………………………11

*Chapman v. Progressive Am. Ins. Co.*,
2017 U.S. Dist. LEXIS 118599 (N.D. Fla. 2017)……………………………………………..3

*Dreyfuss v. W. Coast Life Ins. Co.*,
2021 U.S. Dist. LEXIS 13476 …….………………………………………………………4

*Enso LLC v. Enso Rings LLC*,
2018 U.S. Dist. LEXIS 228346 (M.D. Fla. June 13, 2018)…………………………………11

*Fleming v. The Charles Schwab Corp.*,
878 F.3d 1146 (9th Cir. 2017)…………………………………………………………………12

*Glasgo v. Uber Techs., Inc.*,
2019 U.S. Dist. LEXIS 78005 (M.D. Fla. May 3, 2019)…………………………………………3

*Green v. Ameritrade, Inc.*,
279 F.3d 598 (8th Cir. 2002)……………………………………………………………………..14

*Hiscox Ins. Co. v. Bollea*,
2020 U.S. Dist. LEXIS 185125 (M.D. Fla. Mar. 31, 2020)…………………………….……...7

*In re Ricoh Corp.*,
870 F.2d 570 (11th Cir. 1989)………………………………………………………………….3

*Instituto de Prevision Militar v. Merrill Lynch*,
546 F.3d 1340 (11th Cir. 2008)…………………………………………………………...12

*Keh v. Americus & Sumter Cty. Hosp.*,
377 F. App'x 861 (11th Cir. 2010) …………………………………………………………12

*Koster v. (American) Lumbermens Mut. Cas. Co.*,
330 U.S. 518 (1947)……………………………………………………………….……13

*LaSala v. Bordier et Cie*,
519 F.3d 121 (3d Cir. 2008)………………………………………………………....13

*LaSala v. UBS, AG*,
510 F. Supp. 2d 213 (S.D.N.Y. 2007)……………………………………………….…13

*Lianne Yao v. Ulta Beauty  Inc.*,
2018 WL 4208324 (S.D. Fla. Aug. 8, 2018)...……………………………..…………..2

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005)………………………………………………………2

*Mason v. Smithkline Beecham Clinical Labs.*,
146 F. Supp. 2d 1355 (S.D. Fla. 2001)……………………………………………….9

*McFall v. Stacy & Witbeck, Inc.*,
2016 WL 6248882 (N.D. Cal. Oct. 26, 2016)……………………………………………20

*McGarry v. Delta Air Lines, Inc.*,
2018 U.S. Dist. LEXIS 222421 (N.D. Ga. Nov. 20, 2018)……………………………………14

*Miot v. Kechijian*,
830 F. Supp. 1460 (S.D. Fla. 1993)………………………………………………………15

*Nat'l Trust Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*,
2016 WL 7197397 (M.D. Fla. Dec. 9, 2016)……………………………………….……8

*Norwegian Cruise Line Holdings, Ltd. v. Rivkees*,
2021 U.S. Dist. LEXIS 148593 (S.D. Fla. 2021)……………………………………………8

*Norman v. Salomon Smith Barney, Inc.*,
350 F. Supp. 2d 382 (S.D.N.Y. 2004)……………………………………………………14

*Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*,
699 F. Supp. 2d 1344 (S.D. Fla. 2010)…………………………… ……………………..12

*Pompano Imports, Inc. v. BMW of N. Am., LLC*,
2015 U.S. Dist. LEXIS 152630 (S.D. Fla. Nov. 10, 2015)……………………………..2

*Ramsey v. Fox News Network, LLC*,
323 F. Supp. 2d 1352 (N.D. Ga. 2004)……………………………………………………8

*Randall v. Scott*,
610 F.3d 701 (11th Cir. 2010)……………………………………………………………15

*Rudolph & Me, Inc. v. Ornament Cent., Ltd. Liab. Co.*,
2011 U.S. Dist. LEXIS 100430 (M.D. Fla. Sep. 7, 2011)………………………………4

*Savetsky v. Pre-Paid Legal Servs., Inc.*,
Case No. 14-03514 SC (N.D. Cal. Feb. 12, 2014)………………………………………12

*Schwanke v. JB Med. Mgmt. Solutions, Inc.*,
2017 U.S. Dist. LEXIS 2545…………………………………………………………………3

*Scoma v. Equities*,
2016 U.S. Dist. LEXIS 204132 (M.D. Fla. Apr. 29, 2016)……………………………13

*SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*,
2015 U.S. Dist. LEXIS 195047 (M.D. Fla. Dec. 8, 2015)………………………......................16

*Spice Jazz LLC v. Youngevity Int'l, Inc.*,
020 U.S. Dist. LEXIS 206327 (S.D. Cal. Nov. 2, 2020)………………………………20

*The Fairbanks Co. v. Nat'l Union Fire Ins. Co.*,
2015 U.S. Dist. LEXIS 199463 (N.D. Ga. Feb. 11, 2015)………………………………..8

*Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*,
761 F. Supp. 2d 1322 (M.D. Fla. 2010)……………………………………………………8

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)………………………………………………………………………13

**STATUTES**

28 U.S.C. § 1404...............................................................................................................................2

**RULES**

Fed. R. Civ. P. 45……………………………………………………………………………10

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………19

Plaintiff, JIM ANTONIO ALERS, on his own behalf, and onbehalf of those similarly situated (hereinafter "Plaintiff"), submits this memorandum in opposition to Defendants', ROBINHOOD FINANCIAL, LLC, CITADEL SECURITIES, LLC, APEX CLEARING CORPORATION, TWO SIGNA SECURITIES, LLC, WOLVERINE SECURITIES, LLC, and VIRTU FINANCIAL, INC. (hereinafter "Defendant"), Joint Motion to Transfer or Dismiss:

## PRELIMINARY STATEMENT

As an initial matter, Plaintiff amended his Complaint to address some of the arguments made in Defendant's initial Motion to Transfer or Dismiss. [DE 50]. The main amendment is that this action is no longer brought on behalf of a nationwide class, but on behalf of a state-wide class, specifically, Florida. Further, Plaintiff has revised its Aiding and Abetting counts to address some of Defendant's concerns and removed some allegations from his Breach of Fiduciary Duty count that were not essential. However, Defendant has brought a Motion to Dismiss or Transfer aimed at the Amended Complaint, reiterating some of the arguments it initially made.

Although Defendant would like this Court to believe that the Northern District of California action (hereinafter "the consolidated case") and the current case are the same, they are not, despite Defendant Robinhood being a defendant in each action. Florida caselaw is evident that having one same Defendant and similar facts is not enough to grant a transfer motion. Despite what Defendant believes the "essence" of Plaintiff's cause of action is, it is not fraud or material misrepresentations, which is prevalent in the consolidated case. In fact, Defendant attempts to summarize Plaintiff's cause of action by couching it in fraud, however, this is still just an action where Robinhood (as it states in its Motion to Transfer at paragraph 9):

> … negotiated with the Market-Maker Defendants to receive excessive payment for order flow ("PFOF") rates—compensation paid to broker- dealers for routing orders to principal trading firms for execution—which purportedly caused Robinhood customers to receive inferior trade execution prices compared to what the customers might have obtained from other retail broker-dealers.

In contrast, Defendant's description of the consolidated case is: "[F]ive putative class actions were filed in [California] asserting that Robinhood and certain affiliated Robinhood entities made material misrepresentations and omissions in connection with an alleged breach of the duty of best execution." [DE 51, ¶10]. As such, Defendant acknowledges in its Motion that there is a stark difference in each operative complaint, preventing it from claiming sameness for transfer.

Although the court for the consolidated actions has mandated that all related cases should

be consolidated, it has not ruled that this particular case is related. Defendant still must meet its burden to show the cases are subject to the first-filed rule and that California is the more convenient forum, which it has not done. Importantly, Defendant's Motion lacks support, through proffers, affidavits or otherwise. Also, Plaintiff's case is simply not subject to SLUSA. Finally, although Plaintiff believes he adequately alleged all elements of his aiding and abetting breach of fiduciary claims, Plaintiff has amended its Complaint to enforce these allegations.

## ARGUMENT

### I.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA.

Defendant argues this action should be transferred to the Northern District of California under 28 U.S.C 1404(a) "for the convenience of parties and witnesses, [and] in the interest of justice." To support this, Defendant makes conclusory allegations throughout its Motion that a "substantial part of the events allegedly giving rise to Plaintiff's claims occurred in [California]" and the alleged "misrepresentations and omissions emanated from California, not Florida". These statements are unsupported with declarations or any facts, despite it being Defendant's burden to show that transfer is appropriate. It gives this Court nothing to consider.

As this Court has recognized, "the first-to-file rule 'is not a hard-and-fast rule.'" *Pompano Imports, Inc. v. BMW of N. Am., LLC*, 2015 WL 12556151, at *2 (S.D. Fla. Nov. 10, 2015); *Cardenas v. Toyota Motor Corp.*, 2019 U.S. Dist. LEXIS 165664, at *5 (S.D. Fla. Sep. 25, 2019). Rather, it "simply creates a presumption in favor of the forum of the first-filed action", which can be overcome by compelling circumstances". *Id.* It is also up to the Court's discretion. *Id.* at *5-6.

### A. Defendant Has Not Met Its Burden to Show That the First-Filed Rule Should Apply.

As explained by Defendant, under the first-filed rule, Courts analyze three factors to determine the applicability of the first-filed rule: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Lianne Yao v. Ulta Beauty  Inc.*, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018). Ultimately, the movant bears the burden of showing that transfer is appropriate. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Regarding the first element, without conceding that the first-filed rule applies or that transfer should apply, it is evident that between the consolidated case and the current case, the former was filed first. However, the fact that the present case is against Defendant Robinhood and all the Market Makers it routed orders to, including the aiding and abetting counts which are not found in

the consolidated case, the present case would be the first filed of its kind. As such, Plaintiff disputes that the consolidated case was the first filed case for purposes of Defendant's Motion.

Regarding the second element of similarity of the parties, Defendant states this element is met "because both actions include Robinhood and a putative class of Robinhood users." However, Plaintiff has amended his complaint to allege only a Florida class, and both actions do not include a nationwide class of Robinhood users. In fact, the caselaw Defendant uses to support its argument that the Florida class would be subsumed by the nationwide class shows that both class definitions in that case were nationwide. *Glasgo v. Uber Techs., Inc.*, 2019 U.S. Dist. LEXIS 78005, at \*2 (M.D. Fla. May 3, 2019) ("*Both this action and In re Uber Text allege nationwide TCPA claims against Uber* based on the same alleged verification code messages; and assert nearly identical factual allegations, requests for relief, and questions of law.") (emphasis added). As such, this case is not applicable to the situation here. Further, if the nationwide class in the consolidated case is not certified, then the current Florida Plaintiff would not be a part of that class and there would be no overlap at all between the classes. Notably, there is not a Florida cause of action in the consolidated case, or otherwise a Florida class; it only contains California causes of action along with the federal causes of action. Alternatively, if only a California class is certified, then there would also be no overlap at all between the classes.

In the *Chapman* case, which Defendant uses to support this premise, the court found the plaintiffs (by way of the defined classes) and one out of the two defendants were all the same. *Chapman*, 2017 WL 3124186, at \*2. This is not so in the current case. As mentioned above, the nationwide class is not the same as the Florida class. Further, although Robinhood is a defendant in both cases, there are five other Defendants in the current case that are not in the consolidated case. Regardless, one common defendant is not enough to justify transfer. *Schwanke v. JB Med. Mgmt. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 2545 ("While the parties overlap to an extent—two of the McKesson Defendants are also defendants in the [other case]—the overlap is not substantial"). Also, the Defendants in the subject case are unrelated to each other, and the five non-Robinhood Defendants in the subject case are unrelated to any defendants in the consolidated case.

The current case is unlike the *Arnesen* case, which Defendant cites to, where all three defendants in one case matched all three defendants in the other case, all three defendants in each case were related entities, *and* the class definitions were substantially identical. *Arnesen v. Am. Home Shield of Fla., Inc.*, 2012 WL 13024104 (S.D. Fla. July 9, 2012) ("Although the Complaint

3

in this case also names American Home Shield of Florida, Inc. and The ServiceMaster Comp. as Defendants, those companies are … related corporate entities of American Home Shield Corp.").

Defendant also misstates the *Chapman* case when it states that "although this action includes defendants that are not named in the Consolidated Action, 'precise identity of the parties is not required.'" *Chapman*, 2017 WL 3124186, at *2. In *Chapman*, the Court used this statement to counter the argument one plaintiff made against transfer when that plaintiff pointed out that the plaintiff in the other action was a healthcare entity, whereas he was an individual claimant. But the court determined the allegations pled that all were injured by the defendant, the individual was included in the other case's class specifically as a claimant, and therefore "precise identity" of the plaintiffs was not required. In other words, they did not have to be individual claimants across the board, or healthcare entities across the board. The statement as used by Defendant does not stand for the proposition that all the defendants can be dissimilar or unrelated.

Similarly, in *Rudolph*, a party contended that the six additional defendants in one of the cases should weigh against transfer, however, the court ultimately recognized that most of the defendants were related in one way or another. The Court in *Rudolph* acknowledged that the six-different-defendants argument against transfer "would be more persuasive *if all of those defendants were separate entities*". *Rudolph & Me, Inc. v. Ornament Cent., Ltd. Liab. Co.*, 2011 U.S. Dist. LEXIS 100430, at *5-6 (M.D. Fla. Sep. 7, 2011)(emphasis added). As the *Rudolph* court acknowledged, the additional five defendants in the current case are separate entities that are not related at all, neither to each other nor to Defendant Robinhood in either case. As such, according to the Middle District of Florida, the fact that there are five other, unrelated defendants in this action that are not in the consolidated case is a factor that weighs against transfer.

Defendant also relies on the *Dreyfuss* case for similarity of identity, but this reliance is misplaced. In that case, unlike the present case, both the plaintiff and defendant were parties in both cases, having filed suit against each other and then counterclaims against each other. It goes without saying that *Dreyfuss* showed a complete similarity of the parties which weighs in favor of transfer. Although the plaintiff therein attempted to argue that the parties did not overlap because there were interpleader defendants in one case, the court recognized that any "disparity between parties would not exist if this action were allowed to proceed," as the "additional unmatched parties would have to be brought into this case as necessary [interested] parties". *Dreyfuss v. W. Coast Life Ins. Co.*, 2021 U.S. Dist. LEXIS 13476 at fn.2. It is apparent that the parties in the two cases

4

analyzed in *Dreyfuss* greatly weighed in favor of transfer because of the suit and countersuit they had brought against each other, and the fact that the additional interpleader defendants would have to be joined in the case they were absent from, making all parties not only similar, but identical in identities. As mentioned above, these are unlike the facts in the present matter, where only one of the six defendants is the same in each case, there are no counterclaims in either case, and the counts in the consolidated case do not lend themselves to interplead this case's specific defendants.

The string cite Defendant includes in its Motion regarding similarity of parties must be analyzed, and not simply taken at face value, to determine if the facts therein are truly similar to the current case. While Defendant may disregard the presence of five additional defendants in this case and choose to only focus on the fact that Robinhood is a defendant in both actions, the Southern District of Florida recognizes the additional defendants, and the different counts against them, as a determining factor:

> The presence of these additional defendants matters. It matters not only because one of them is a Florida resident and the Plaintiffs allege relevant conduct occurred in Florida, but critically, the Plaintiffs here also allege violations of RICO, including a RICO conspiracy claim involving all four defendants. RICO was not alleged in the California Actions, and so, the judges presiding over those cases have not issued any rulings on dispositive or discovery motions against the backdrop of an alleged RICO conspiracy. At bottom, these new defendants and new claims give this lawsuit a significantly different tenor than the California Actions.

*Cardenas v. Toyota Motor Corp.*, 2019 U.S. Dist. LEXIS 165664, at *10 (S.D. Fla. Sep. 2019).

Regarding the third element of similarity of the issues, Defendant argues that "both actions assert claims against Robinhood for the same alleged breach of the duty of best execution". While it is true that both cases assert a claim against Robinhood for breach of fiduciary duty for best execution, this is where the similarity ends. The consolidated case has six other counts.[1] The present action has five other counts for aiding and abetting against five other, unrelated defendants. The resolution herein would not turn on similar determination of facts because the facts herein are not related to fraud or misrepresentations, and because the majority of Plaintiff's causes of action would be regarding the five Defendants and their aiding and abetting. The

---

[1] 1) Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5; (2) Violations of California Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750, et seq.; (3) Violations of California Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, et seq.; (4) Violations of California False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, et seq.; (5) Negligent Misrepresentation; and (6) Breach of Implied Covenant of Good Faith and Fair Dealing. See paragraph 12 of the Consolidated Amended Complaint.

allegations in the consolidated action stem from fraud and misrepresentations, and there are no aiding and abetting counts in the consolidated case. It would, in essence, introduce an entirely new case with new defendants, despite Defendant claiming that it does not impact the analysis. Similar to the different defendants and counts in *Cardenas* out of the Southern District, in the present case, the "new defendants and new claims give this lawsuit a significantly different tenor" to that of the consolidated case. *Cardenas*, 2019 U.S. Dist. LEXIS 165664, at *10-11.

Further, Defendant acknowledges at the forefront of its Motion that the breach of fiduciary duty counts in each action are not pled similarly. The count for breach of fiduciary duty in the present case is devoid of any allegations of fraud or material misrepresentations. Plaintiff makes clear that whether certain actions were disclosed or not disclosed to Plaintiff is not central or even indirectly related to his claims, as Defendant has an independent duty of best execution regardless. The breach of fiduciary duty count in the consolidated case incorporates all fraud and material misrepresentation allegations in that complaint. (See ¶184, CAC). These allegations specifically include allegations such as "to effectuate this scheme, Defendants published misleading statements and omissions in customer communications relating to the execution of trades and Robinhood's revenue sources" and that the action is brought on behalf of "individuals who were victims of Defendants' materially deceptive acts and omissions, relying upon Robinhood's warranties, advertisements, and representations". (See ¶¶7,10 CAC). The consolidated case mandates reliance on the part of plaintiffs, with allegations such as "Plaintiff acted reasonably in relying on Defendants' promises to offer commission free trading at best execution…" and "Defendants intended for Plaintiff and the Class to rely on those promises in order to induce potential clients to open accounts and begin making market trades on Robinhood's platform, instead of their competitors' platforms". (See ¶¶94,95 CAC). Additionally, the plaintiffs in the consolidated case specifically brought claims subject to SLUSA through the Exchange Act counts, which are not present here. There is simply no substantial overlap between the two cases.

Finally, the consolidated case's common class issues[2] listed at Consolidated Amended

---

[2] A.   Whether the statements made by Defendants as part of their promises to provide, and assertions that they do provide, best execution of their clients' orders, discussed herein are true, or are reasonably likely to deceive, given the omissions of material fact described above;

B.   Whether the federal securities laws were violated by Defendants' acts as alleged herein;

C.   Whether statements made by the Defendants' officers, directors, and employees to the investing public during the Class Period misrepresented material facts about the business,

Complaint, paragraph 101, are substantially different than the present case's common class issue listed at Amended Complaint, paragraph 63, which simply consists of whether Defendant "violated its fiduciary duty by failing to provide the best execution available to its customers because of Robinhood's preferred use of specific principal trading firms to process Robinhood's customer order flows" and only seeking damages. Although this Court may determine that there may be some similarities in facts, these are not substantial enough to warrant transfer. At the very least, they do not substantially shift the scale in favor of transfer.

Although Defendant claims that the only conceivable reason for Plaintiff to file in this District is to gain a tactical advantage, Defendant fails to understand that Florida is a proper venue by virtue of Defendant conducting business in Florida, maintaining an office in Florida, availing itself of the laws of Florida, and Plaintiff initiating the transaction which caused Defendant's breach in Florida. [DE 50]. This is in addition to what is listed in the Amended Complaint, paragraph 13, which includes the "putative class resided in Florida at the time that they signed up for the Defendant's services, most of the trades conducted by the Plaintiff and the putative class initiated from Florida, and a substantial majority of the funds deposited by the Plaintiff and the putative class originated from banking institutions located in Florida". Again, the non-moving party can overcome the first-filed rule by compelling circumstances. Factors courts consider in determining if there are compelling circumstances are whether (1) the first-filed action was filed in anticipation of the other pending proceeding; (2) the first-filed action raises chiefly an affirmative defense such that the defendant is the "true plaintiff"; (3) the first-filed action is narrower than the other proceeding; and (4) the balance of convenience tips in favor of one forum or another. *Hiscox Ins. Co. v. Bollea*, 2020 U.S. Dist. LEXIS 185125, at *4 (M.D. Fla. Mar. 31, 2020). As to the last factor, courts consider the factors in §1404. *Id.* In this case, the first two factors would be neutral, as they are inapplicable. The third factor shows compelling circumstances because the California action, although seemingly broader because it has more counts, is actually narrower because it limits its breach of fiduciary duty count to that which only includes fraud or deceit, which is not the factual circumstance in the present case. The fourth factor is compromised

___

operations and management of Defendants;
D.      Whether Defendants' conduct constitutes a breach of fiduciary duties and/or the duty of best execution;
E.      The nature of the relief, including equitable relief, to which Plaintiff and the class are entitled.

of the factors used in the §1404 analysis. Thus, if the §1404 factors weigh against transfer, then a court will find that there are compelling circumstances which would keep the action in Florida. *See Hiscox Ins. Co.*, 2020 U.S. Dist. LEXIS 185125, at *4. Plaintiff presents these factors below.

**B.  The Balance of Factors That Courts Consider in Determining Whether Transfer is Appropriate Does Not Weigh in Favor of Transfer.**

If the first-filed rule is not applicable, as Plaintiff has shown above, the Court may consider the balance of factors under §1404. The Eleventh Circuit has identified nine factors courts should consider in evaluating whether transfer is appropriate: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The party moving for transfer under §1404(a) bears the burden to establish that another district is a more convenient forum than the plaintiff's chosen forum. *Norwegian Cruise Line Holdings, Ltd. v. Rivkees*, 2021 U.S. Dist. LEXIS 148593 *6 (S.D. Fla. 2021). Although Defendant chooses to group some of these factors together, presumably attempting to strengthen each factor, Plaintiff will address each in order. Based on the facts of this case, the Court should consider most of these factors neutral for Defendant's Motion.

Regarding the first factor, the convenience of the witnesses, this factor refers to non-party witnesses. *The Fairbanks Co. v. Nat'l Union Fire Ins. Co.*, 2015 U.S. Dist. LEXIS 199463, at *12 (N.D. Ga. Feb. 11, 2015). "The most important factor . . . is the convenience of witnesses." *Id.* But that factor supports transfer only if the movant goes beyond generalities and "make[s] a specific showing of inconvenience to the witnesses." *Id.* As here, "[n]either party has identified specific witnesses, so convenience of witnesses does not weigh in favor of transfer". *Nat'l Trust Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 2016 WL 7197397, at *4 (M.D. Fla. Dec. 9, 2016). In fact, Defendant simply states "to the extent there are non-party witnesses with relevant knowledge, such as former Robinhood employees, those witnesses are likely located in California…." Defendant has not named any witnesses, alleged that any are necessary, or shown that any would be inconvenienced. Defendant has not met its burden for this factor and it should be given no weight.

Regarding the second factor of the location of relevant documents and the relative ease of

access to sources of proof, Defendant recognizes that "the electronic transfer of documents reduces the importance of this factor." However, Defendant still attempts to argue that "documents or other sources of proof are located in California". This argument should be given little, if any, weight, as Defendant fails to support this statement with any evidence or proffer. In fact, most of the documents relevant to this case would presumably be found in the five other Defendants' possession in locations other than California. Because only documents could be used as evidence in this case, this should be a neutral factor, which would give no weight to transfer.

Regarding the third factor of convenience of the parties, this factor is given little weight by courts. "The weight accorded to party witnesses is limited." *See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010) ("[This factor's] significance is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party."). This is because "those closely aligned with a party ... are presumed to be more willing to testify in a different forum." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). Here, Defendant has not given the identity of any party witnesses, or even stated what witnesses will be necessary, or how they would be inconvenienced. To the extent Defendant has generally referred to witnesses by stating that "many are located at Robinhood's headquarters in California" in its Motion, Defendant appears to refer here only to party witnesses, which is given less weight. Regardless, this reference is not specific; we do not know where in California they are, what they know or who they are.

In contrast, Mr. Jim Alers will definitely be a party witness and he is located in Florida and initiated and consummated transactions with Defendant Robinhood in Florida. Further, Defendant Robinhood is already litigating other cases against it in this District, with the same attorneys defending it. As such, this factor should weigh in favor of Plaintiff because this District is more convenient for Plaintiff and would not be inconvenient for Defendant.[3] Notably, Defendant does not acknowledge the other five Defendants in this case and what would be inconvenient for their party witnesses, considering they are located in Texas, New York, and Illinois. [See DE 50, ¶¶4-

---

[3] In this case, there will be one party [headquartered] in California, although it conducts business in Florida and all over the nation, and one party in Florida, along with all the other different locations the five other defendants find their business and witnesses, "making California no more convenient for the parties than the current venue". *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) ("[w]here a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain'").

8]. Because no Defendant herein mentions any witnesses or how they would be inconvenienced, this Court should treat this factor as neutral or not weighing in favor of transfer. Regardless, assuming an inconvenience would be travel, with the advancements in technology and the current state of affairs, most proceedings are being held virtually, and that inconvenience is inapplicable.

Regarding the fourth factor of the locus of operative facts, although Defendant states that "the complaint is based on events that occurred in California," a cursory review of the Amended Complaint shows no such thing. Even if this Court were to focus on the relevant activities of Defendant, and not Plaintiff, as Defendant urges when it refers to the *Hemispherx* case, Defendant points to no proffer in its Motion to show that the events occurred in California. Defendant cannot have this Court assume the events happened where Defendant is headquartered, without more. In contrast, Plaintiff alleges that the "facts giving rise to this action occurred in this district" [DE 50, ¶¶12-13], which should be taken as true. He also alleges that he lives in Florida, and in his Amended Complaint, he further alleges this is where plaintiffs signed up for Defendant's services, where the trades took place, where the funds came from for the trades, where the other plaintiffs are located, and further that Robinhood conducts business in Florida. [DE 50, ¶¶3, 12-13]. This factor should weigh against transfer, or have no weight, as Defendant has not met its burden.

Regarding the fifth factor, the availability of process to compel the attendance of unwilling witnesses, Defendant mentions the Court's ability to use compulsory process to obtain live testimony of key witnesses as a factor that should weigh in favor of transfer. To support its assertion, it claims that "To the extent there are non-party witnesses with relevant knowledge, such as former Robinhood employees, those witnesses are likely to be located in California." This is assuming that these witnesses exist and would continue to reside in California, or that they would fail to cooperate with any discovery requests in the first place. Defendant also assumes the only witnesses needed for this case reside in California, or would be Defendant Robinhood's witnesses, disregarding the five other Defendants' witnesses, which (following Defendant Robinhood's logic) would be located in their headquarters of New York, Texas and Illinois. Again, Defendant is simply making conclusory and nonspecific statements for purposes of transfer, and conveniently ignoring the convenience of the other five Defendants, which is still a factor to consider.

Importantly, Fed. R. Civ. P. 45, as amended December 1, 2013, permits nationwide service of a subpoena issued from the district court where the action is pending, which would include anywhere in California. As such, Defendant's concern that a district in California is more likely

than a district in Florida to compel witnesses is unfounded, and this should also be a neutral factor.[4]

Regarding the sixth factor, Defendant cites caselaw for the premise that the relative means of the parties is irrelevant in a class action because "counsel is financing the case on behalf of the Plaintiffs." Defendant makes this statement with no support or factual allegations, and is simply wholly inadequate to meet its burden as the movant. A cursory review of the Complaint reveals that Plaintiff is an individual and Defendants are all large companies with greater means than Plaintiff. *The Fairbanks Co.*, 2015 U.S. Dist. LEXIS 199463, at *21 ("it appears Moving Defendants are larger companies with greater means than Plaintiff" and this weighs somewhat against transfer). As such, this factor appears to weigh against transfer. Regardless, Defendant states this factor is neutral, which would also weigh against transfer. *Enso LLC v. Enso Rings LLC*, 2018 U.S. Dist. LEXIS 228346, at *3-4 (M.D. Fla. June 13, 2018) ("This factor is neutral, and thus, weighs against transfer.") (citations omitted).

Regarding the seventh factor, the forum's familiarity with the governing law, Defendant argues that Robinhood's Customer Agreement (hereinafter "Agreement") which allegedly governs all customer relationships, has a choice of law provision stating that California law applies. However, Plaintiff disputes the validity of the Agreement and the applicability of the Agreement to the subject claim. The Agreement is allegedly found on-line, shown by the words "BEFORE I CLICK 'SUBMIT APPLICATION' OR OTHER SIMILARLY WORDED BUTTON." [DE 51-1, Ex. C]. Defendant states no facts related to how and when this Agreement was disseminated to and/or accepted by Plaintiff, if Plaintiff even saw this Agreement, if it was manually or electronically signed, if it was clickwrap[5], shrinkwrap or browsewrap, if Plaintiff received a final copy or if this Agreement was amended and when, or what the original agreement stated.[6] Because Plaintiff

---

[4] Although Defendant partially quotes Fed. R. Civ. P. 45(c) when stating that California is more likely than Florida to compel a California witness, this rule simply limits how far a person can be ordered to travel under a subpoena to 100 miles. This Rule does nothing to support Defendant's claim that California could compel a witness more so than Florida.

[5] Even though courts have ruled some clickwrap licenses to be enforceable contracts, it does not follow that every term of every clickwrap license is enforceable. Clickwrap licenses must still meet the criteria for enforceability of a unilateral form contract. For example, see *Bragg v. Linden Research, Inc.*, 487 F.Supp.2d 593 (E.D. Pa. 2007), in which the judge found certain aspects of the Second Life clickwrap agreement "unconscionable, and therefore unenforceable."

[6] While the internet has changed the factual circumstances in which courts must apply these principles, the requirement of "'mutual manifestation of assent, whether by written or spoken word or by conduct, [remains] the touchstone of contract.'" Three paradigmatic contract formation situations arising on the internet, "clickwrap," "shrinkwrap," and "browsewrap" agreements,

disputes the authenticity, validity, and applicability of this Agreement, it should not be considered for transfer. *Keh v. Americus & Sumter Cty. Hosp.*, 377 F. App'x 861, 866 (11th Cir. 2010) (the court denied considering the document under the incorporation by reference doctrine as the opposing party contested the validity of same and therefore it was disputed).

Further, the Agreement is not central to Plaintiff's causes of action, neither against Defendant Robinhood or the five other Defendants. The counts are based in common law and Florida law would apply to all tort claims. Defendant's duties arise despite the Agreement. It is evident that the Southern District of Florida would be most familiar with the common laws of the state in which it sits, to include the laws for breach of fiduciary duty and aiding and abetting. This is especially true due to the Florida only class in Plaintiff's Amended Complaint. Regardless, the Southern District of Florida is more than capable of applying California law, should it become necessary. In essence, the Court ruling at this point that California law governs, through a motion to transfer, would be premature. Importantly, *assuming the Agreement did apply to Plaintiff and Defendant Robinhood*, the Agreement (and its choice of law provision) would not apply to Plaintiff vis-à-vis the other five Defendants in this action. Florida law would apply to these Defendants, and a California court would be obligated to apply Florida law. In *Van Dusen v. Barrack*, 376 U.S. 612, 627 (1964) (superseded by statute on other grounds), the United States Supreme Court held that in diversity cases which are transferred for convenience under §1404(a) the court to which the action is transferred generally must apply the same state law that this Court would have applied. This would be Florida law for the other five Defendants. Because this would just shift inconveniences, (California would apply Florida law for most of the counts, instead of Florida applying California law for one of the counts), this factor is either neutral or would specifically weigh against transfer. *Van Dusen*, 376 U.S. at 645-646 ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient").

The caselaw Defendant uses to support its contention that "[California law applying] supports transfer to a jurisdiction that has more familiarity applying another state's law" is inapplicable. In *Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, the case cited to by Defendant, the parties *agreed* that the two cases at issue were "factually and legally

---

illustrate the application of the assent requirement in similar circumstances to those at issue here. *Savetsky v. Pre-Paid Legal Servs., Inc.*, Case No. 14-03514 SC, 6 (N.D. Cal. Feb. 12, 2014) (citations omitted).

interwoven" and that there were "unique questions of Texas community property and receivership law that would play a role in adjudicating the claims" so the Florida court transferred its pending case to the Texas court. 699 F. Supp. 2d 1344, 1353 (S.D. Fla. 2010) (emphasis added). Finally, Defendant acknowledges that the choice of law issue need not be decided at this point, since California and Florida law treat the causes of action the same. [DE 51, fn.7]. For this same reason, the Court should not currently decide the choice of law issue, as Defendant clearly has not moved this Court to determine same. For all these reasons, this factor should weigh against transfer.

Regarding the eighth factor, the weight accorded a plaintiff's choice of forum, Defendant argues that "Plaintiff's chosen forum in this case is afforded little, if any, deference because the case is asserted on behalf of a putative class." Plaintiff amended his Complaint to assert a state-wide class action instead of a nationwide class action. As such, Defendant's caselaw is inapplicable. It would be applicable when a nationwide class is being considered on a transfer motion, because presumably each plaintiff can go to their own forum state and file suit; in that situation, plaintiff's choice should be given little deference. But this is not a concern if all Plaintiffs are from Florida. See *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 519 (1947) (because there were hundreds of potential plaintiffs, all of whom were equally entitled to voluntarily invest themselves with the corporation's cause of action and all of whom could have shown an equal right *to go into their many home courts* [different states], the shareholder's choice of forum was considerably weakened) (emphasis added). In this case, there is no longer a nationwide class, and therefore there are no other considerations to disturb Plaintiff's forum. The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Norwegian*, 2021 U.S. Dist. LEXIS 148593 *6.

Defendant's argument that Plaintiff's forum should be given little deference because the bulk of events took place in California is also inapplicable, as Defendant has pointed to no facts or proffers establishing where the events took place. In contrast, Plaintiff has made this showing in its Amended Complaint. This forum should be given deference because Plaintiff and the other class members live in Florida and the transactions that initiated the breach were initiated in Florida. Even Defendant's own caselaw recognizes that "a plaintiff's choice of forum is generally afforded considerable deference, especially if the district is where plaintiff resides." *Scoma v. Equities*, 2016 U.S. Dist. LEXIS 204132, at *7 (M.D. Fla. Apr. 29, 2016). Further, because Plaintiff's Florida breach of fiduciary duty claim should not be dismissed (discussed below), public interest

considerations favor keeping the case in this district. See *Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1192 (S.D. Fla. 2007). As such, this factor weighs against transfer. Tellingly, Defendant states this factor is neutral, which would also weigh against transfer. *Enso LLC v. Enso Rings LLC*, 2018 U.S. Dist. LEXIS 228346, at *3-4 (M.D. Fla. June 13, 2018) ("This factor is neutral, and thus, weighs against transfer.").

Regarding the ninth factor, trial efficiency and the interests of justice, Defendant states this factor would be met because "this action would be automatically consolidated with the Consolidated Action." However, the present case would only be transferred; it would not be automatically consolidated as the California court would decide consolidation.[7] Defendant also expresses concerns with inconsistent rulings, as well as reducing expenses for the court, the parties and potential witnesses. But Defendant does little more than just cite caselaw in this section. It does not provide any support besides stating that the "claims are based on the same underlying facts." This is not enough to meet its burden. While it is true that there may be some similar discovery from Robinhood in both cases, it would be only as it relates to the one breach of fiduciary count in each case. However, this does not warrant that the case needs to be transferred. Again, Defendant ignores the fact that there are five other Defendants with different causes of action and does not address how this would impact discovery. The aiding and abetting counts would consist of different discovery altogether, considering the different Defendants and their agreements and interactions with each other and/or Defendant Robinhood. Further, there should be no concern for duplicative or inconsistent rulings because there are more defendants in this action, there are different counts, there is only one count that is titled the same but still based on different allegations, and the consolidated case is both subject to SLUSA and stems on fraud, while the present action does not. In other words, there may very well be "inconsistent rulings" but this would be because the two cases are different. Contrary to the caselaw Defendant cites, these two cases do not involve "precisely the same issues" because one is based on fraud and reliance on misrepresentations and the other is not. *Cont'l Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960).

---

[7] "Once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed." It is within the discretion of the court with jurisdiction over the first-filed action to determine whether compelling circumstances require that the second-filed action be dismissed, stayed, transferred or consolidated." *McGarry v. Delta Air Lines, Inc.*, No. 1:18-CV-2794-TWT, 2018 U.S. Dist. LEXIS 222421, at *11-12 (N.D. Ga. Nov. 20, 2018).

In conclusion, as caselaw holds, "the doctrine of forum non conveniens should be applied sparingly, and only when the defendant's concerns are very strong". *Miot v. Kechijian*, 830 F. Supp. 1460 (S.D. Fla. 1993). The key to forum non conveniens analysis is convenience; thus, no one factor is given controlling weight in the balancing process. *Id.* ("Although two defendants reside in North Carolina, and the sources of documents and exhibits are located in both Florida and North Carolina, the convenience of witnesses reveals it would not be best to transfer the case."). Here, Defendant has not strongly moved the balance in favor of transfer and has not shown any inconvenience to any witness. As such, the case should not be transferred to California.

## II.   THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BASED ON SLUSA, AS SLUSA IS INAPPLICABLE.

Defendant seeks to dismiss the Complaint because it alleges the claims are subject to SLUSA. As Defendant explains, SLUSA bars a class action if it meets five elements: (1) a "covered class action" (2) based on state law claims (3) alleging that the defendants made a misrepresentation or omission or employed any manipulative or deceptive device (4) in connection with the purchase or sale of (5) a "covered security." *See Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008). The crux of this argument is that Defendant continuously states that Plaintiff's claims involve fraud or nondisclosures, which they do not. Plaintiff's claims also do not meet the element of "in connection with" and are not solely regarding covered securities. All the caselaw Defendant cites to has the same common thread – all the courts found that the claims were based on fraud, deceit, material misrepresentations or omissions. Again, this is not the case here. In fact, *Fleming*, cited to by Defendant, recognizes that "not every breach of the best execution duty violates § 10(b) of the Securities Exchange Act of 1934" which would implicate SLUSA, and that "SLUSA only bars best execution claims to the extent that a best execution violation is based on fraud or nondisclosure". *Fleming v. The Charles Schwab Corp.*, 878 F.3d 1146, 1149 (9th Cir. 2017). Without conceding his claims are subject to SLUSA, Plaintiff does not dispute his claims meet the definition of a covered class action, or that he brings claims based on state law. However, Plaintiff specifically disputes Defendant's allegation that "Plaintiff's claims are based on alleged misrepresentations or omissions in connection with the purchase or sale of covered securities".

### A.   Plaintiff's Claims Are Not Based on Misrepresentations or Omissions, nor on Manipulative or Deceptive Device.

First, Plaintiff's claims are not based on misrepresentations or omissions. *Burns v. Prudential Sec.*, 116 F. Supp. 2d 917 (N.D. Ohio 2000) (holding that SLUSA did not apply because the plaintiffs' claims, while related to securities, were <u>not</u> claims for securities <u>fraud</u> at all; no misrepresentation was alleged in that case). Although Plaintiff does state that Defendant did not initially disclose its pay for order flow income method, and later did (somewhat), nowhere does Plaintiff state that this non-disclosure is the specific reason Robinhood breached its duty. This is in stark contrast to *Fleming*, cited by Defendant, where the plaintiffs did allege that their broker breached its duty of best execution *by failing to disclose* certain terms.

Defendant additionally points to three instances [DE 50, ¶¶ 14, 18, 60] in Plaintiff's one hundred and seventy-three paragraph Amended Complaint to support its proposition that the crux of Plaintiff's action is based in fraud and misrepresentation. Surely this is not considered "substantive" by any means, as Defendant acknowledges is necessary for SLUSA. "The Court has never indicated that the statute is so broad as to cut off any claim where the plaintiff happens to reference a misrepresentation in the complaint--regardless of whether it was central to the "misconduct of which respondent complains" on the part of the defendant in the action". *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 216 (S.D.N.Y. 2007). "The mere allegation of misrepresentations somewhere in the complaint is not sufficient for SLUSA preemption". *Id.*

Further, the three instances Defendant points to are not in connection with the purchase or sale of a covered security. Moreover, these paragraphs are considered background and could be removed; the claims and other facts as pled would stand on their own. *LaSala v. Bordier et Cie*, 519 F.3d 121, 141 (3d Cir. 2008) ("This paragraph in Plaintiffs' [Complaint] perhaps provides context to their claim, but 'complaints are often filled with more information than is necessary'." "[T]he inclusion of such extraneous allegations does not operate to require that the complaint must be dismissed under SLUSA.") (citation omitted). In fact, this is exactly what Plaintiff did when he removed the extraneous allegations he had in his original complaint, to eliminate any vagueness. The gravamen of the complaint is still that Defendant breached its duty, with the assistance of the five other Defendants, when it chose to put its interest before its' customers' interest by choosing to get paid more. Disclosure to the customer is not central, nor is reliance by the customer; therefore, deceit is not an element. "[J]ust as plaintiffs cannot avoid SLUSA through crafty pleading, defendants may not recast state law claims as fraud claims by arguing that they really involve deception or misrepresentation." *Anderson v. Edward D. Jones &*

*Co., L.P.*, 990 F.3d 692 (9th Cir. Mar. 4, 2021) ("Because the alleged failure of defendant to conduct a suitability analysis [for investor to switch accounts] was not material to the decision to buy or sell any covered securities, the state law claims were not based on alleged conduct that was 'in connection with' the purchase or sale of any covered securities under SLUSA").

**B.      The Materiality Element of SLUSA, Which Defendant Ignores, Is Not Met.**

Importantly, the misrepresentation or omission has to be "material to a decision . . . to buy or sell a covered security" for SLUSA to apply. *Brink v. Raymond James & Assocs.*, 892 F.3d 1142, 1144 (11th Cir. 2018) (SLUSA did not prohibit the investor's putative class action based on breach of contract and negligence claims because the investment firm's alleged failure to disclose the hidden profit in its processing fee was not a misrepresentation of a material fact for purposes of SLUSA); *Green v. Ameritrade, Inc.*, 279 F.3d 598-99 (8th Cir. 2002) (SLUSA did not preempt a state law because the court found that Green did not allege in his amended complaint that the delayed quotes caused him to buy or sell a covered security). In this case, the misconduct was not material to Plaintiff's decision to buy or sell. Similar to the cases of *Green* and *Brink*, in the present case, Plaintiff does not state in his Amended Complaint that the alleged misconduct caused him to buy or sell securities. Plaintiff's decision to buy or sell was made first, and then Defendant's breach occurred when the trade was subsequently routed. As such, Defendant's misconduct (*i.e.*, the routing of the order to the market maker who would pay the most for that order in dereliction of its duty of best execution) could not have been an inducement or cause of Plaintiff's purchase or sale, because that conduct happened after Plaintiff made the decision to trade.

**C.  The "In Connection With" Element of SLUSA Is Not Met.**

For the same reasons as directly stated above, the "in connection with" element of SLUSA is not satisfied in the present case.[8] The misconduct happened after Plaintiff placed his trade and therefore the misconduct was not in connection with the purchase or sale. Further, Plaintiff never relied on Defendant's decision to route his order to the market maker who would pay the most, or even knew that would happen. *Norman v. Salomon Smith Barney, Inc.*, 350 F.Supp.2d 382 (S.D.N.Y. 2004) (Plaintiffs alleged that Salomon breached its fiduciary duty by managing their accounts based on conflicted and unreliable recommendations, placing its own profits above those

---

[8] Although Defendant states in its Motion that "Plaintiff alleges that the deceptive conduct occurred in connection with the purchase or sale of securities that are traded on national exchanges" in paragraphs 18-19, 22 of his Amended Complaint, this is not true.

of its investors, and the Court found that SLUSA did not apply because the investors' claims did not rest on misstatements or omissions; indeed, the investors did not claim that they ever read Salomon's analysts' reports). Recognizing that the claims must sound in fraud for purposes of SLUSA, "the requisite showing . . . is deception in connection with the purchase or sale of any security". *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 216 (S.D.N.Y. 2007). Here, there was no deception that led to an order, simply a breach by Defendant to meet its duty of best execution by routing already placed customer orders to the market maker who would pay more for that order.

**D. The "Covered Securities" Portion of SLUSA Is Not Met.**

Lastly, the "covered securities" portion of SLUSA is not met. In this case, Plaintiff alleges securities in its Complaint, and does not differentiate between covered and uncovered. As such, a plain reading of the Complaint would implicate both types of securities. However, SLUSA does not apply to uncovered securities[9]. As such, SLUSA is inapplicable.

Defendant stating that every Court of Appeal to have considered this issue dismissing similar actions on SLUSA grounds is an extremely broad and incorrect statement, as shown by the caselaw cited above. Defendant simply attempts to create SLUSA preclusion by reframing the pleadings as fraud based. Defendant references the plaintiff in the consolidated case, but he is not a party herein, and his judgment on whether his own claims are SLUSA related should have no bearing on this case or this Court. This Court should deny Defendant's Motion for SLUSA.

**III.   DEFENDANT'S ARGUMENTS AS TO AIDING AND ABETTING ARE WITHOUT MERIT.**

Defendant seeks to have this Court  dismiss  the aiding and abetting claims  against  the Market-Maker Defendants (hereinafter "MM") because it contends Plaintiff failed to adequately allege that any defendant had "actual knowledge" of the alleged breach or provided "substantial assistance" or encouragement to Robinhood. Although adequately pled in the initial Complaint, in an attempt to address some of Defendant's concerns with Plaintiff's aiding and abetting counts, Plaintiff amended his Complaint with respect to same. However, Defendant still contends Plaintiff failed to adequately plead "actual knowledge" and "substantial assistance."

---

[9] Although the 11th Circuit did find that a hybrid security would be considered a covered security, the securities in this case are not hybrid securities; they are either or. *Instituto de Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1342 (11th Cir. 2008) (the retirement trust account was a "covered security" even though it was a hybrid account composed of a mutual fund component (covered by SLUSA) and a life insurance component (not covered by SLUSA)).

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As Defendant explains, to state a claim in Florida for aiding and abetting breach of fiduciary duty, a plaintiff must allege: "(1) a fiduciary duty on the part of the primary wrongdoer; (2) breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance." *SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*, 2015 U.S. Dist. LEXIS 195047, at *15 (M.D. Fla. Dec. 8, 2015). Because Defendant only takes issue with the last two elements, Plaintiff will only address these elements.

Plaintiff believes it pled sufficient factual allegations for aiding and abetting. There is no need to plead with particularity, as there are no fraud allegations; a short and plain statement is all that is required. Specifically regarding "knowledge of the breach" and "substantial assistance", Plaintiff pled that the MM "knew that the arrangements between themselves and [Robinhood] violated [Robinhood's] fiduciary duty by placing [Robinhood's] financial interests over that of its customers". [DE 50, ¶¶ 88, 127-132]. Violating a fiduciary duty equates to a breach, meaning Plaintiff pled the MM knowledge of the breach. Plaintiff also explains that the agreements entered into would require the MM to pay Robinhood a high price for its order flow, and less money on price improvements. [DE 50, ¶¶ 78-80, 83-85, 124]. Plaintiff also alleges that the MM knew that other broker-dealers were receiving four times as much price improvement for their customers, while Robinhood was at a 20/80 split in its favor, and the MM accepted this arrangement. [DE 50, ¶¶ 80, 119]. When the MM consummated the arrangements, in other words, received order flow (that came from Robinhood's customers) and paid Robinhood in accordance with the arrangement, this was the breach coming to fruition. [DE 50, ¶¶ 86-89, 91-92]. This ultimately shows the MM were knowledgeable that Robinhood was not providing best execution to its customers.

19

Further, not just entering into agreements, but consummating the agreements with knowledge that Robinhood was not providing best execution and that MM were profiting from receiving the order flow [DE 50, ¶95], would equate to affirmative assistance on the part of the MM. The fact that Plaintiff alleges Defendants received a profit from the deal means that the deal was actually consummated and the breach complete. Notably, and in contrast to what Defendant claims, Plaintiff does not simply allege that Robinhood and the MM were doing business together; Plaintiff alleges facts of the breach, the MM knowledge of the breach, how and why they knew it was a breach, and how they assisted in the breach. The caselaw Defendant cites to acknowledges that actual knowledge of furthering a breach makes an "ordinary business transaction" constitute substantial assistance. *McFall v. Stacy*, 2016 WL 6248882, at *5 (N.D. Cal. Oct. 26, 2016).

Finally, Defendant states that "Plaintiff acknowledges in the Amended Complaint that each Market-Maker Defendant did not 'enable' Robinhood's breach because it still would have occurred absent "other market makers" refusing to reach agreements with Robinhood." Plaintiff does not state this at all in the Amended Complaint. Defendant then uses the *Spice Jazz* case to say that "substantial assistance was not pled where the 'same harm' would have been sustained if other individuals were acting in place of the alleged aider-and-abettors." However, Defendant takes this proposition completely out of context. What the passage truly says is that "Spice Jazz would have sustained the <u>same harm</u> even if the former Spice Jazz employees were placed under another Youngevity employee's downline. *Spice Jazz LLC v. Youngevity Int'l, Inc.*, 020 U.S. Dist. LEXIS 206327, at *18 (S.D. Cal. Nov. 2, 2020). This was after a Youngevity supervisor was being accused of aiding and abetting through the actions of former employees of Spice Jazz's competitor which were placed under her supervision. The Court observed that the same harm would have occurred had the employees been placed under the supervision of another supervisory, and therefore, there was not "substantial" assistance by the Youngevity supervisor because there was not enough of a casual connection. This case is simply inapplicable to the present case.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully request that this action remain in the Southern District of Florida, and not be dismissed. To the extent this Court believes Defendant's arguments have merit, Plaintiff would ask this Court its decision be without prejudice with an opportunity to amend his Complaint.

Dated:  February 11, 2022.

Respectfully submitted,

*/s/ Venessa V. Solis*
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
Ely R. Levy, Esq.
Florida Bar No.: 15452
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address

Michael A. Citron, Esq.
Florida Bar No.: 105083
Kristen D. Montgomery, Esq.
Florida Bar No.: 1003495
MAC LEGAL, P.A.
4601 Sheridan Street, Ste. 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Michael@maclegalpa.com
KMontgomery@maclegalpa.com
Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ,
PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: _/s/Venessa V. Solis_

Venessa V. Solis, Esq.

**SERVICE LIST**

Grace L. Mead (Florida Bar No. 49896)
Ryan T. Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

*Counsel for Defendant Robinhood Financial LLC*

Ian Ross (Florida Bar No. 91214)
**STUMPHAUZER FOSLID SLOMAN ROSS &KOLAYA, PLLC**
One Biscayne Tower
Two S. Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Email: iross@sfslaw.com

Andrew Gordon (*pro hac vice*)
Jessica Carey (*pro hac vice*)
Kristina Bunting (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: agordon@paulweiss.com
Email: jcarey@paulweiss.com
Email: kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial Inc.*

Angela D. Daker (Florida Bar No. 681571)
**WHITE & CASE LLP**
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: adaker@whitecase.com

J. Mark Gidley (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Email: mgidley@whitecase.com

Jack E. Pace III (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jpace@whitecase.com
Email: bgant@whitecase.com

***Counsel for Apex Clearing Corporation***

Louise McAlpin (Florida Bar No. 983810)
Allison Kernisky (Florida Bar No. 41160)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Email: louise.mcalpin@hklaw.com
Email: allison.kernisky@hklaw.com

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Miranda Gonzalez (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTONLLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
Email: jgerber@cgsh.com
Email: mirgonzalez@cgsh.com

***Counsel for Defendant Two Sigma Securities,LLC***

John F. O'Sullivan (Florida Bar No. 143154)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone: (305) 439-5008
johnosullivan@quinnemanuel.com

**Counsel for Defendant Citadel Securities LLC**

James D. Gassenheimer (Florida Bar No.959987)
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jgassenheimer@bergersingerman.com

Matthew J. Dolan (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7106
mdolan@sidley.com

**Counsel for Defendant Wolverine Securities, LLC**