UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61848-COOKE/HUNT

JIM ANTONIO ALERS, on his own
behalf, and onbehalf of those
similarly situated,

    Plaintiff(s),

v.

ROBINHOOD FINANCIAL, LLC,
CITADEL SECURITIES, LLC,
APEX CLEARING
CORPORATION, TWO SIGNA
SECURITIES,LLC, WOLVERINE
SECURITIES, LLC,
and VIRTU FINANCIAL, INC.,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' REPLY

    Plaintiff, JIM ANTONIO ALERS, on his own behalf, and on behalf of those similarly situated, by and through his counsel, hereby files this Motion for Leave to File a Sur-Reply to Defendants' Reply In Support of Defendant's Motion to Transfer or Dismiss [DE 55], and in support thereof states the following:

    1.    On January 7, 2022, Defendants filed their Joint Motion to Transfer or Dismiss. [DE 51]. On February 11, 2022, Plaintiff's filed his Response to Defendant's Motion to Transfer or Dismiss. [DE 54]. On March 4, 2022, Defendants filed their Reply In Support of Defendant's Motion to Transfer or Dismiss. [DE 55].

    2.    Local Rule 7.1(c) allows movants to serve reply memoranda "limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." L.R. 7.1(c). Plaintiff is entitled to a surreply because Defendant has not complied with the Local Rules. Defendant has reargued matters in its Motion. For example, the entirety of the Section titled "Plaintiff Fails to Allege Substantial Assistance". Further, Defendant has included additional or new arguments in its Reply, as explained below. As

1

such, Plaintiff requests a short, two to three page surreply to address same.

3. The sur-reply is needed to address the new argument Defendants made by incorrectly stating that Plaintiff did not address Defendants' "manipulative and deceptive device" argument. Plaintiff addressed this argument in the same way Defendant presented this argument: by grouping it together with the "misrepresentation or omission" argument.[1]

4. Further, a sur-reply is needed to address footnote three (3) in Defendant's Reply, which states that "On February 18, 2022, the court entered an order in the Consolidated Action dismissing the complaint and setting a deadline of March 8, 2022 for the Lead Plaintiff to amend. In re Robinhood Order Flow Litig., Case No. 20-cv-9328-YGR (Dkt. No. 91)". This would obviate the need to request a Stay in the present case pending a ruling on the Motion to Dismiss in the California action. If the California action were dismissed, it would necessarily affect or change the arguments made in the Motion to Transfer or Dismiss, the intended outcome of same, and the Response to same. As such, it is considered a new argument.

5. Plaintiff respectfully requests leave to file a short sur-reply to address the new or additional arguments, and the incorrect statements, raised by Defendants in their Reply and to present contrary and applicable arguments to, and request appropriate relief from, this Court.

6. This motion is made in good faith and not for purposes of delay.

7. The filing of a sur-reply will not prejudice Defendants. Rather, the inability to submit a sur-reply would prejudice Plaintiff by depriving him of a fair opportunity to address

---

[1] In the section in Plaintiff's Response titled "A. Plaintiff's Claims Are Not Based on Misrepresentations or Omissions, nor on Manipulative or Deceptive Device", Plaintiff argues the following, in relevant part: "Disclosure to the customer is not central, nor is reliance by the customer; therefore, *deceit* is not an element. "[J]ust as plaintiffs cannot avoid SLUSA through crafty pleading, defendants may not recast state law claims as fraud claims by arguing that they really involve *deception* or misrepresentation'". Later, in the "In Connection With" section, Plaintiff argues: "Recognizing that the claims must sound in fraud for purposes of SLUSA, 'the requisite showing . . . is *deception* in connection with the purchase or sale of any security'. (citation omitted). Here, there was no *deception* that led to an order, simply a breach by Defendant to meet its duty of best execution by routing already placed customer orders to the market maker who would pay more for that order". Further, in footnote 8 in the "Materiality" section, Plaintiff argues the following: "Although Defendant states in its Motion that 'Plaintiff alleges that the *deceptive* conduct occurred in connection with the purchase or sale of securities that are traded on national exchanges' in paragraphs 18-19, 22 of his Amended Complaint, this is not true'". Finally, Plaintiff argues on page 15 of its Response that: "All the caselaw Defendant cites to has the same common thread – all the courts found that the claims were based on fraud, *deceit*, material misrepresentations or omissions. Again, this is not the case here."

2

Defendants' additional arguments.

8. Per Local Rule 7.1, counsel for the parties conferred prior to the filing of this motion. Defendant's counsel stated that Defendant objects to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order allowing Plaintiff to file a two to three page sur-reply within three days of this Motion being granted, to address the new or additional arguments raised for the first time in Defendants' Reply.

Dated: March 10, 2022.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

*/s/ Venessa V. Solis*
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
Ely R. Levy, Esq.
Florida Bar No.: 15452
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address

Michael A. Citron, Esq.
Florida Bar No.: 105083
Kristen D. Montgomery, Esq.
Florida Bar No.: 1003495
MAC LEGAL, P.A.
4601 Sheridan Street, Ste. 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Michael@maclegalpa.com
KMontgomery@maclegalpa.com
Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.

        Florida Bar No. 106386  
        CORNISH HERNANDEZ GONZALEZ, PLLC  
        2525 Ponce de Leon Blvd, Suite 300  
        Coral Gables, Florida 33134  
        Phone (305) - 780 – 6058  
        service@CHGLawyers.com  
        ihernandez@chglawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

        By: */s/Venessa V. Solis*  
        Venessa V. Solis, Esq.

## SERVICE LIST

Grace L. Mead (Florida Bar No. 49896)
Ryan T. Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

*Counsel for Defendant Robinhood Financial LLC*

Ian Ross (Florida Bar No. 91214)
**STUMPHAUZER FOSLID SLOMAN ROSS &KOLAYA, PLLC**
One Biscayne Tower
Two S. Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Email: iross@sfslaw.com

Andrew Gordon (*pro hac vice*)
Jessica Carey (*pro hac vice*)
Kristina Bunting (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: agordon@paulweiss.com
Email: jcarey@paulweiss.com
Email: kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial Inc.*

5

Angela D. Daker (Florida Bar No. 681571)
**WHITE & CASE LLP**
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: adaker@whitecase.com

J. Mark Gidley (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Email: mgidley@whitecase.com

Jack E. Pace III (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jpace@whitecase.com
Email: bgant@whitecase.com

*Counsel for Apex Clearing Corporation*

Louise McAlpin (Florida Bar No. 983810)
Allison Kernisky (Florida Bar No. 41160)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Email: louise.mcalpin@hklaw.com
Email: allison.kernisky@hklaw.com

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Miranda Gonzalez (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTONLLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
Email: jgerber@cgsh.com
Email: mirgonzalez@cgsh.com

*Counsel for Defendant Two Sigma Securities, LLC*

John F. O'Sullivan (Florida Bar No. 143154)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone: (305) 439-5008
johnosullivan@quinnemanuel.com

*Counsel for Defendant Citadel Securities LLC*

James D. Gassenheimer (Florida Bar No.959987)
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jgassenheimer@bergersingerman.com

Matthew J. Dolan (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7106
mdolan@sidley.com

*Counsel for Defendant Wolverine Securities, LLC*