UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61848-COOKE/HUNT

JIM ANTONIO ALERS, on his own
behalf, and onbehalf of those similarly
situated,

    Plaintiff(s),

v.

ROBINHOOD FINANCIAL, LLC,
CITADEL SECURITIES, LLC, APEX
CLEARING CORPORATION, TWO
SIGNA SECURITIES,LLC,
WOLVERINE SECURITIES, LLC,
and VIRTU FINANCIAL, INC.,

    Defendants.

_____/

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO TRANSFER OR DISMISS**

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    A.      Plaintiff responded to the manipulative and deceptive device argument…………………1

    B.      The dismissal of the Consolidated Action should be taken into consideration…………..2

CONCLUSION .............................................................................................................................. 3

**TABLE OF AUTHORITIES**

**CASES**

*Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*,
203 F.3d 442, 445 (7th Cir. 2000)…………………………………………………….2

*McGarry v. Delta Air Lines, Inc.*,
2018 U.S. Dist. LEXIS 222421 (N.D. Ga. Nov. 20, 2018)……………………………………….2

*White v. Microsoft Corp.*,
2006 U.S. Dist. LEXIS 77010 (S.D. Ala. Apr. 3, 2006)………………………………………….2

Plaintiff, JIM ANTONIO ALERS, on his own behalf, and onbehalf of those similarly situated (hereinafter "Plaintiff"), submits this Sur-reply in opposition to Defendants', ROBINHOOD FINANCIAL, LLC, CITADEL SECURITIES, LLC, APEX CLEARING CORPORATION, TWO SIGNA SECURITIES, LLC, WOLVERINE SECURITIES, LLC, and VIRTU FINANCIAL, INC. (hereinafter "Defendant"), Reply to Plaintiff's Response to Defendant's Joint Motion to Transfer or Dismiss:

## ARGUMENTS

**A. Plaintiff responded to the manipulative and deceptive device argument.**

Although Defendants state that, in a glaring omission, Plaintiff fails to respond to Defendants' "manipulative or deceptive device" argument, this is not true. Defendant presents this argument within the same section and even the same sentences as its "omission and misrepresentation" arguments. Therefore, Plaintiff is justified to combine his counter-arguments, and the respective responses, as well. Also, these counter-arguments are made under the heading labeled: "A. Plaintiff's Claims Are Not Based on Misrepresentations or Omissions, nor on Manipulative or Deceptive Device", further showing that Plaintiff has responded to Defendant's manipulative or deceptive device argument.

In the section in Plaintiff's Response titled "A. Plaintiff's Claims Are Not Based on Misrepresentations or Omissions, nor on Manipulative or Deceptive Device", Plaintiff argues the following, in relevant part: "Disclosure to the customer is not central, nor is reliance by the customer; therefore, *deceit* is not an element. "[J]ust as plaintiffs cannot avoid SLUSA through crafty pleading, defendants may not recast state law claims as fraud claims by arguing that they really involve *deception* or misrepresentation'". (Emphasis added). Later, in the "In Connection With" section, Plaintiff argues: "Recognizing that the claims must sound in fraud for purposes of SLUSA, 'the requisite showing . . . is *deception* in connection with the purchase or sale of any security'. (citation omitted). Here, there was no *deception* that led to an order, simply a breach by Defendant to meet its duty of best execution by routing already placed customer orders to the market maker who would pay more for that order". (Emphasis added). Further, in footnote 8 in the "Materiality" section, Plaintiff argues the following: "Although Defendant states in its Motion that 'Plaintiff alleges that the *deceptive* conduct occurred in connection with the purchase or sale of securities that are traded on national exchanges' in paragraphs 18-19, 22 of his Amended Complaint, this is not true'". (Emphasis added). Finally, Plaintiff argues on page 15 of its Response

1

that: "All the caselaw Defendant cites to has the same common thread – all the courts found that the claims were based on fraud, *deceit*, material misrepresentations or omissions. Again, this is not the case here." (Emphasis added). It is evident that Plaintiff has responded to the manipulative or deceptive argument by combining arguments, as did Defendants and the caselaw they refer to.

**B. The dismissal of the Consolidated Action should be taken into consideration.**

The following issue which also necessitated this sur-reply is the inclusion of footnote 3 in Defendants' Reply, which states that: "On February 18, 2022, the court entered an order in the Consolidated Action dismissing the complaint and setting a deadline of March 8, 2022 for the Lead Plaintiff to amend. In re Robinhood Order Flow Litig., Case No. 20-cv-9328-YGR (Dkt. No. 91)". A Second Amended Complaint has since been filed by plaintiff in the Consolidated Case [Case No. 20-cv-9328-YGR, DE 93]. Based on this new information, the apparent possibility that the Consolidated Action can once again be dismissed in the near future, and Defendants' insistence in its Response that the present action can be transferred and automatically consolidated (instead of simply transferred and having the California judge rule on consolidation)[1], Plaintiff requests the relief of a Stay pending a ruling on the motion to dismiss that would surely follow the Second Amended Complaint already filed in the Consolidated Action. It would be a great injustice, and surely not the essence of the transfer rule, to have a case transferred/automatically consolidated and then dismissed as a matter of course. If the California action were dismissed, as it already was recently, there would be no action to consolidate the present action with, and the current action could remain pending in this Court. This situation would necessarily affect or change the arguments made in the Motion to Transfer or Dismiss, the intended outcome of same, and the Response to same. "Several courts have opined that a stay of the second-filed action is a preferred remedy, especially where there is a reasonable possibility of prejudice or dismissal of the first-filed action." *White v. Microsoft Corp.*, No. 05-0731-WS-M, 2006 U.S. Dist. LEXIS 77010, at *16 (S.D. Ala. Apr. 3, 2006); *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) ("Our suits were filed by different litigants, each presumptively

---

[1] "Because this Court has found that substantial overlap exists between the two actions and that the *Pica* action was first-filed, the proper course of action is to transfer the action to the Central District of California where the Plaintiff's arguments regarding compelling circumstances can be considered." *McGarry v. Delta Air Lines, Inc.*, No. 1:18-CV-2794-TWT, 2018 U.S. Dist. LEXIS 222421, at *12 (N.D. Ga. Nov. 20, 2018). Plaintiff makes this statement without conceding that there is substantial overlap between the two actions.

entitled to its choice of forum. Nothing justified dismissal rather than a stay of the Fund's suit; dismissal *created an unwarranted risk of legal prejudice, should Paramount Liquor then dismiss its own suit*") (emphasis added). Notably, the Second Amended Complaint in the Consolidated Action no longer has a claim for Breach of Fiduciary Duty; only federal claims remain. As such, there is even less overlap between the present action and the Consolidated Action.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that this action remain in the Southern District of Florida and not be dismissed and/or a stay be granted pending the California court's ruling on any motion to dismiss the second amended complaint. To the extent this Court believes Defendant's arguments have merit, Plaintiff would ask this Court for an opportunity to amend his Complaint.

Dated: March 16, 2022.

                                            Respectfully submitted,

                                            */s/ Venessa V. Solis*
                                            Venessa Valdes Solis, Esq.
                                            Florida Bar No. 77122
                                            Ely R. Levy, Esq.
                                            Florida Bar No.: 15452
                                            LEVY & PARTNERS, PLLC
                                            3230 Stirling Road, Suite 1
                                            Hollywood, Florida 33021
                                            Telephone: (954) 727-8570
                                            elevy@lawlp.com – Service Address
                                            venessa@lawlp.com – Service Address
                                            Maritza@lawlp.com – Service Address

                                            Michael A. Citron, Esq.
                                            Florida Bar No.: 105083
                                            Kristen D. Montgomery, Esq.
                                            Florida Bar No.: 1003495
                                            MAC LEGAL, P.A.
                                            4601 Sheridan Street, Ste. 205
                                            Hollywood, Florida 33021
                                            Telephone: (954) 395-2954
                                            Michael@maclegalpa.com
                                            KMontgomery@maclegalpa.com
                                            Service@maclegalpa.com – Service Address

>Igor Hernandez, Esq.
>Florida Bar No. 106386
>CORNISH HERNANDEZ GONZALEZ, PLLC
>2525 Ponce de Leon Blvd, Suite 300
>Coral Gables, Florida 33134
>Phone (305) - 780 – 6058
>service@CHGLawyers.com
>ihernandez@chglawyers.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

>By: */s/Venessa V. Solis*
>Venessa V. Solis, Esq.

## SERVICE LIST

Grace L. Mead (Florida Bar No. 49896)
Ryan T. Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

*Counsel for Defendant Robinhood Financial LLC*

Ian Ross (Florida Bar No. 91214)
**STUMPHAUZER FOSLID SLOMAN ROSS &KOLAYA, PLLC**
One Biscayne Tower
Two S. Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Email: iross@sfslaw.com

Andrew Gordon (*pro hac vice*)
Jessica Carey (*pro hac vice*)
Kristina Bunting (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: agordon@paulweiss.com
Email: jcarey@paulweiss.com
Email: kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial Inc.*

Angela D. Daker (Florida Bar No. 681571)
**WHITE & CASE LLP**
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: adaker@whitecase.com

J. Mark Gidley (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Email: mgidley@whitecase.com

Jack E. Pace III (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jpace@whitecase.com
Email: bgant@whitecase.com

*Counsel for Apex Clearing Corporation*

Louise McAlpin (Florida Bar No. 983810)
Allison Kernisky (Florida Bar No. 41160)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Email: louise.mcalpin@hklaw.com
Email: allison.kernisky@hklaw.com

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Miranda Gonzalez (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTONLLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
Email: jgerber@cgsh.com
Email: mirgonzalez@cgsh.com

*Counsel for Defendant Two Sigma Securities,LLC*

John F. O'Sullivan (Florida Bar No. 143154)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

6

2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone: (305) 439-5008
johnosullivan@quinnemanuel.com

*Counsel for Defendant Citadel Securities LLC*

James D. Gassenheimer (Florida Bar No.959987)
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jgassenheimer@bergersingerman.com

Matthew J. Dolan (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7106
mdolan@sidley.com

*Counsel for Defendant Wolverine Securities, LLC*