UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61848-COOKE/HUNT

JIM ANTONIO ALERS, on his own behalf, and on
behalf of those similarly situated,

    Plaintiff(s),

v.

ROBINHOOD FINANCIAL, LLC, CITADEL
SECURITIES, LLC, APEX CLEARING
CORPORATION, TWO SIGNA SECURITIES,
LLC, WOLVERINE SECURITIES, LLC,
and VIRTU FINANCIAL, INC.,

    Defendants.

_____/

DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY

Defendants respectfully submit this response to Plaintiff's sur-reply and in further support of their motion to transfer venue to the United States District Court for the Northern District of California or, in the alternative, dismiss this action pursuant to SLUSA and for failure to state a claim.[1]

## ARGUMENT

Plaintiff's sur-reply inappropriately requests a stay of this Action pending a decision on Robinhood's anticipated motion to dismiss the recently filed Second Amended Complaint in the Consolidated Action. The Court should deny that request.

*First*, as it relates to Defendants' motion to transfer, the forthcoming motion to dismiss the Consolidated Action is not grounds for a stay and does not undermine the application of the first-filed rule. This case and the Consolidated Action are sufficiently "similar" for purposes of the first-filed rule, and Plaintiff does not carry his burden of demonstrating "compelling circumstances" that justify a departure from that rule. (Mot. 5-7; Reply 2-4.) Judicial economy, comity, and the avoidance of potentially conflicting rulings – the core interests underlying the first-filed rule and the balance of factors under 28 U.S.C. § 1404 – are best served when one court addresses all claims arising out of the same facts and conduct, not by staying a later-filed action in a separate court pending resolution of a motion in the first-filed action. Nor are the efficiencies gained from consolidating similar actions in the first-filed jurisdiction undermined by the filing of a motion to dismiss in the transferee court. Plaintiff's cases (Sur-reply 2-3) do not support his stay request because they address whether a second-filed action should be dismissed because of the existence of the first-filed action. Here, Defendants seek only transfer in light of the first-filed action—and Defendants' motion to dismiss is unrelated to the first-filed action, as explained below. And Plaintiff has not identified any cases suggesting that the filing of a motion to dismiss in the transferee court precludes the transferor court from sending an action to the first-filed jurisdiction.

*Second*, as it relates to Defendants' motion to dismiss, there is no reason to stay consideration of Defendants' motion, which provides a separate and independent basis for the Court to resolve this case. Notwithstanding the substantial factual overlap between the

---

[1] Capitalized terms not defined herein have the same meaning as in Defendants' opening brief. (Dkt. No. 51.)

actions, Plaintiffs do not and cannot dispute that the legal questions of whether *this* action is precluded by SLUSA and whether Plaintiff adequately states a claim for aiding and abetting a breach of fiduciary duty are completely unrelated to the status of the Consolidated Action. Lead Plaintiff in the Consolidated Action has already conceded that his state law claims are precluded by SLUSA and voluntarily dismissed those claims. Therefore, a ruling on the anticipated motion to dismiss in the Consolidated Action would have no bearing on Defendants' motion to dismiss in this action.

Separately, Plaintiff's assertion that he already responded to one of Defendants' numerous arguments in favor of dismissal is not appropriate for a sur-reply, and in any event, Plaintiff's sur-reply merely reinforces his failure to engage with the merits of that argument. (Reply 7-8 (citing *Rayner v. E*TRADE Fin. Corp.*, 248 F. Supp. 3d 497, 503 (S.D.N.Y. 2017), *aff'd,* 899 F.3d 117 (2d Cir. 2018), *Lewis v. Scottrade, Inc.*, 204 F. Supp. 3d 1064, 1068 (E.D. Mo. 2016), *aff'd*, 879 F.3d 850 (8th Cir. 2018)).)

## CONCLUSION

Defendants respectfully request that this action be transferred to the Northern District of California or, in the alternative, dismissed with prejudice.

Dated: March 23, 2022

Respectfully submitted,

By: */s/ Ryan T. Thornton*
Grace L. Mead (Florida Bar No. 49896)
Ryan T. Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com

Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

*Counsel for Defendant Robinhood Financial LLC*

By: */s/ Ian Ross*
Ian Ross (Florida Bar No. 91214)
**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
One Biscayne Tower
Two S. Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Email: iross@sfslaw.com

Andrew Gordon (*pro hac vice*)
Jessica Carey (*pro hac vice*)
Kristina Bunting (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: agordon@paulweiss.com
Email: jcarey@paulweiss.com
Email: kbunting@paulweiss.com

*Counsel for Defendant Virtu Financial Inc.*

By: */s/ Angela D. Daker*
Angela D. Daker (Florida Bar No. 681571)
**WHITE & CASE LLP**
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: adaker@whitecase.com

J. Mark Gidley (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Email: mgidley@whitecase.com

Jack E. Pace III (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)

3

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jpace@whitecase.com
Email: bgant@whitecase.com

*Counsel for Apex Clearing Corporation*

By: /s/ Louise McAlpin
Louise McAlpin (Florida Bar No. 983810)
Allison Kernisky (Florida Bar No. 41160)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Email: louise.mcalpin@hklaw.com
Email: allison.kernisky@hklaw.com

Roger A. Cooper (*pro hac vice*)
Jared Gerber (*pro hac vice*)
Miranda Gonzalez (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Email: racooper@cgsh.com
Email: jgerber@cgsh.com
Email: mirgonzalez@cgsh.com

*Counsel for Defendant Two Sigma Securities, LLC*

/s/ John F. O'Sullivan
John F. O'Sullivan (Florida Bar No. 143154)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
Telephone: (305) 439-5008
johnosullivan@quinnemanuel.com

*Counsel for Defendant Citadel Securities LLC*

4

*/s/ James D. Gassenheimer*
James D. Gassenheimer (Florida Bar No. 959987)
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jgassenheimer@bergersingerman.com

Matthew J. Dolan (*pro hac vice*)
**SIDLEY AUSTIN LLP**
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7106
mdolan@sidley.com

*Counsel for Defendant Wolverine Securities, LLC*

5