UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61848-COOKE/HUNT

JIM ANTONIO ALERS, *on his own behalf
and on behalf of those similarly situation*,

    Plaintiffs,

v.

ROBINHOOD FINANCIAL LLC, *et al.*,

    Defendants.

_____/

### ORDER ON MOTION TO TRANSFER OR DISMISS

THIS MATTER is before the Court on Defendants' joint motion to transfer or dismiss, ECF No. 51. Plaintiff has opposed the motion, ECF No. 54, and the motion is otherwise ripe for adjudication. Having considered the parties' arguments and the relevant legal authorities, the Court will **GRANT** the motion and transfer this case to the Northern District of California.[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns a dispute between Plaintiff Jim Antonio Alers ("Mr. Alers") and Defendant Robinhood Financial, LLC ("Robinhood"). Robinhood is Delaware company that offers retail brokerage accounts to the public. Using these accounts, customers like Mr. Alers can buy and sell securities on the Robinhood platform. As part of its business model, Robinhood routes its customers' orders to buy or sell securities through what are known as principal trading firms or electronic market makers. These firms execute large numbers of trades on behalf of Robinhood and other retail brokerage firms. Mr. Alers also names as defendants five principal trading firms who do business with Robinhood. Mr. Alers alleges that, aided and abetted by these principal trading firms, Robinhood breached a fiduciary duty to obtain the best execution terms for its customers.

---

[1] In the alternative, Defendants move to dismiss this action. Because the Court grants the motion to transfer, the Court will not address Defendants' arguments for dismissal.

Mr. Alers filed this suit as a putative nationwide class action on August 31, 2021. ECF No. 1. On December 31, 2021, on consent of the parties, Mr. Alers filed an amended complaint, now the operative complaint in this action. ECF No. 50. The amended action is brought on behalf of a class of Florida plaintiffs. In his amended complaint, Mr. Alers brings one claim against Robinhood for a breach of fiduciary duty. Additionally, Mr. Alers brings one claim against each of the other defendants for aiding and abetting Robinhood in breaching its fiduciary duty to Mr. Alers.

Defendants have moved to transfer venue. ECF No. 51. Defendants argue that transfer is appropriate under the first-filed rule. According to Defendants, this case includes overlapping issues and parties with a prior-filed action in the Northern District of California ("the California action").[2] Under the first-filed rule, the Court should therefore transfer the action to that district. Defendants further argue that even if the first-filed rule does not apply, the Court has and should exercise the authority to transfer venue pursuant to 8 U.S.C. § 1404(a). Plaintiff opposes transfer. Plaintiff's main argument is that Defendants have not demonstrated the first-filed rule applies to this case. Moreover, Plaintiff argues, the balance of factors under § 1404 do not weigh in favor of transfer.

## LEGAL STANDARDS

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, Pa., 713 F.3d 71, 78 (11th Cir. 2013). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). In determining whether to apply the first-filed rule, this district primarily considers "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." *Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018) (citing *Women's Choice Pharms., LLC v. Rook Pharms., Inc.*, No. 16-cv-62074, 2016

---

[2] This action actually consists of several consolidated actions currently pending in the Northern District of California. *See In re Robinhood Order Flow Litigation*, Case No. 4:20-cv-09328-YGR (N.D. Cal).

WL 6600438, at *2 (S.D. Fla. Nov. 8, 2016)). "The issues and the parties need not be identical but must overlap. [And] raising new claims in the second action does not defeat the first-to-file rule." *Kelly v. Gerber Prod. Co.*, No. 21-60602-CIV, 2021 WL 2410158, at *1 (S.D. Fla. June 11, 2021). The first-filed rule helps avoid "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions[, which] waste[s] judicial resources and can lead to conflicting results." *In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012).

When the first-filed rule applies, "the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135. "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 481184, at *4 (S.D. Fla. Feb. 16, 2022). But even where a party has presented compelling circumstances, district courts have "discretion to transfer the case under the first-to-file rule anyway." *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1340 (S.D. Fla. 2021) (collecting cases).

In addition to the first-filed rule, district courts may also order a change of venue "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 8 U.S.C. § 1404(a). To determine whether to transfer under § 1404, courts consider: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel*, 430 F.3d at 1135 n.1.

## DISCUSSION

For the reasons stated below, the Court finds that the first-filed rule applies to the instant case, and Plaintiff has not demonstrated compelling circumstances to warrant an exception. Accordingly, the Court will transfer this case.

1. **The first-filed rule applies to this case.**

The Court finds that the chronology of the two actions, the similarity of the parties, and the similarity of the issues all warrant applying the first-filed rule.

*First*, there is no question that the California action was filed in December 2020, whereas this action was filed almost a year later in August 2021. This factor favors the application of the rule.

*Second*, the Court finds there is sufficient overlap between the parties. The California action is brought on behalf of a putative nationwide class of Robinhood customers, whereas the instant action is brought on behalf of a putative class of Robinhood customers residing in Florida. Thus, the plaintiffs in the instant action are all included in the putative class in the California action. Both actions are brought against Robinhood, although Plaintiff in the instant case also names additional co-defendants.

Plaintiff argues that the parties are not sufficiently similar because the nationwide class in the California action has not been certified, and because the additional defendants in this action make this case different. The Court disagrees. Whether the nationwide class in the California action has been certified is irrelevant. *See, e.g.*, *Rojas v. Am. Honda Motor Co.*, No. 19-21721-CIV, 2019 WL 6324616, at *2 (S.D. Fla. Nov. 26, 2019) (transferring case prior to class certification where there was overlap between the proposed classes); *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, at *4 (S.D. Fla. Apr. 23, 2019) (same). Similarly, even though Mr. Alers has named additional defendants, that too is of no moment where the parties are "sufficiently similar" or there is a "substantial overlap." *See Elliott*, 549 F. Supp. 3d at 1339. The Court finds that both the California action and this action concern primarily Robinhood and its customers. Both Robinhood and its customers are parties in the California action. The fact that Mr. Alers has named a handful of additional defendants who he claims aided and abetted Robinhood does not negate the substantial overlap between the parties in both actions.

*Third*, the Court finds the issues between the two cases are also sufficiently similar. Both cases center on the actions of Robinhood during the same time period, October 2016 through June 2019. Both cases also center on the same factual issues concerning Robinhood's dealings with electronic market makers regarding order flow. Both cases also include a nearly

identical claim for a breach of fiduciary duty, based on Robinhood's failure to ensure best execution for its customers, and Robinhood's prioritization of other financial incentives.[3]

Plaintiff's attempts to distinguish the two actions are unavailing. First, Mr. Alers argues that because he raises additional aiding and abetting claims against Robinhood's co-defendants, which are not present in the California action, the first-filed rule should not apply. Not so. Like the parties, the legal issues need not be identical for the first-filed rule to apply. *See Elliott*, 549 F. Supp. 3d at 1339. Here, both cases include a nearly identical breach of fiduciary duty claim against Robinhood. *Compare In re Robinhood Ord. Flow Litig.*, No. 4:20-cv-09328-YGR (N.D. Cal.), ECF No. 62 ¶¶ 184–88 *with* ECF No. 50 ¶¶ 68–77. The instant case then adds five aiding and abetting claims based on the same underlying facts. These claims are brought against various electronic market makers with whom Robinhood worked. The Court finds these additional claims do not make the cases substantially different. *See Kelly*, 2021 WL 2410158, at *1 ("raising new claims in the second action does not defeat the first-to-file rule").

Additionally, Mr. Alers avers that because his breach of fiduciary duty claim does not include an element of fraud or material misrepresentation, the Court should not apply the first-filed rule. The Court disagrees with this characterization of the breach of fiduciary duty claim in the California action. Although the California action includes a negligent misrepresentation claim, *In re Robinhood Ord. Flow Litig.*, No. 4:20-cv-09328-YGR (N.D. Cal.), ECF No. 62 ¶¶ 169–180, it also includes a standalone breach of fiduciary duty claim, *id.* ¶¶ 184–188, nearly identical to that of Mr. Alers, ECF No. 50 ¶¶ 68–77. In neither case does the breach of fiduciary duty claim depend on fraud or misrepresentation, as Mr. Alers states. Instead, both breach of fiduciary duty claims hinge on the same factual allegations that by prioritizing payment for order flow from electronic market makers between 2016 and 2019, Robinhood chose company profits at the expense of its customers. Accordingly, the Court finds this argument without merit.[4]

---

[3] In fact, as Defendants point out, it appears Mr. Alers has copied verbatim large portions of the complaint in the California action. *See* ECF No. 51 at 4 n.4 (comparing portions of both documents).

[4] Similarly, Mr. Alers' argument that the common class issues are substantially different is misguided. Given that the California action raises additional claims, it is logical that the California plaintiffs would raise additional common issues, not present in the instant action.

## 2. Mr. Alers has not met his burden to show compelling circumstances disfavoring transfer.

Having found the first-filed rule applies, the Court finds Mr. Alers has not met his burden to show compelling circumstances disfavoring transfer. Mr. Alers does not allege there have been bad faith negotiations, an anticipatory suit, or forum shopping here. *See Abreu*, 2022 WL 481184, at *4. Instead, he argues that because the § 1404 factors disfavor transfer, he has met his burden to show compelling circumstances under the first-filed rule. ECF No. 54 at 7–8 (citing *Hiscox Ins. Co., Inc. v. Bollea*, No. 8:20-CV-221-T-30SPF, 2020 WL 5878212 (M.D. Fla. Mar. 31, 2020)). The Court disagrees.

As a threshold matter, the Court is not persuaded that a showing that the § 1404 factors disfavor transfer is sufficient to show compelling circumstances under the first-filed rule.[5] Even if this were the case, however, the Court finds Mr. Alers has failed to meet his burden. In short, Mr. Alers does not explain to the Court how public interest factors such as trial efficiency and the interests of justice are outweighed by factors disfavoring transfer. As explained above, it is clear to the Court that Mr. Alers' case raises substantially similar factual and legal issues to the California action. Allowing this case to go forward in Florida runs the risk of wasting judicial resources and creating conflicting rulings—precisely the kind of situation the first-filed rule seeks to avoid. *See In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d at 1324. The § 1404 factors Mr. Alers identifies are, at most, neutral. They do not outweigh the public interest factors which favor transferring this action to California. Accordingly, the

---

*See In re Robinhood Ord. Flow Litig.*, No. 4:20-cv-09328-YGR (N.D. Cal.), ECF No. 62 ¶ 101. Yet as far as the common class issues concerning the breach of fiduciary duty, Mr. Alers has pointed to no meaningful differences between the two cases. *Compare id.* ¶ 101(D) *with* ECF No. 50 ¶ 63.

[5] Mr. Alers relies on a Northern District of Florida case for this proposition. The Court finds no binding authority from the Eleventh Circuit to support this argument, and this district has generally not framed compelling circumstances as a § 1404 analysis. *But see Glob. Innovation Tech. Holdings, LLC v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1349 (S.D. Fla. 2009) (describing the analysis as requiring a nonmovant to show "public and private factors completely overwhelm the first-filed presumption").

Court finds Mr. Alers has failed to meet his burden to show an exception to the first-filed rule.[6]

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motion to transfer, ECF No. 51, and **ORDER** that this action be **TRANSFERRED** to the Northern District of California. The Clerk shall **CLOSE** this case. Any other motions are **DENIED as moot**.

**DONE and ORDERED** in Chambers in West Palm Beach, Florida, this 1st day of July 2022.

*[signature]*

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

---

[6] And even if Mr. Alers had met his burden, the Court finds it would be within its authority to transfer this action, in the interest of judicial economy and to avoid inconsistent rulings on substantially similar factual and legal issues. *See Elliott*, 549 F. Supp. 3d at 1340.